Marius A. Sorchan et al., Trustees, etc., Appellants, *v.* The City of Brooklyn, Respondent.

*It seems*, that an omission of the board of assessors of the city of Brooklyn to comply with the provisions of the act " to provide for the completion of Atlantic avenue," in said city (§ 2, chap. 744, Laws of 1869), requiring the said board to certify their estimate of the expenses of the work to the common council, would not invalidate the assessment.

In an action to vacate such assessment, it appeared that a resolution, specifying the sum estimated as the expense of the work, was passed by the board of assessors in the usual way. The sum specified was acted upon by the common council in levying the tax. *Held*, that the resolution was equivalent to a certificate, and a substantial compliance with the act; and that, from the action of the common council, it was to be presumed that it was communicated to them.

The official assessment was entered in a separate column in the general tax-roll, which was signed by the assessors and duly verified. *Held*, that a signing of the preliminary list made by the assessors, from which such official assessment was made up, was not necessary, and an omission to sign it did not affect the assessment.

The provisions of the charter of 1854 (chap. 384, Laws of 1854), as to the method of making assessments, are not applicable to assessments under the act of 1869.

The provisions of said act of 1869, as to the time when the commissioners shall make a report, and when the first assessment shall be levied, are directory merely, and a compliance therewith was not essential to the validity of the assessment.

The provision of the act of 1861, relating to local improvements in Brooklyn (§ 5, chap. 169, Laws of 1861), prohibiting an assessment for more than half the value of the premises, does not apply to the improvement contemplated by the act of 1869.

(Argued June 14, 1875; decided June 22, 1875.)

Appeal from judgment of the General Term of the Supreme Court in the second judicial department, affirming

a judgment in favor of defendant, entered upon a decision of the court at Special Term. (Reported below, 3 Hun, 562; 6 T. & C., 316.)

The nature of the action and the facts are sufficiently set forth in the opinion.

*E. Ellery Anderson* for the appellants. The failure to certify the assessment to the commissioners or to the common council was a disregard of the statute and is fatal to the validity of the tax. (*Platt v. Stewart*, 8 Barb., 493; *Van Rensselaer* v. *Whitbeck*, 7 N. Y., 517; *Wheeler* v. *Miller*, 40 Barb., 644; *In re Douglass*, 46 N. Y., 42; *In re Cameron*, 50 id., 502.) A tax cannot be laid by the legislature unless its amount is ascertained at the time of the passage of the act, and it is declared to be laid or levied. (*In re Van Antwerp*, 56 N. Y., 261.) There is no such a thing as an assessment without the signatures or verification of the assessors. (*Nat. Bk. of Chemung* v. *City of Elmira*, 53 N. Y., 49; *Van Rensselaer* v. *Whitbeck*, 7 id., 517.) The Supreme Court had jurisdiction over this action. (*Newell* v. *Wheeler*, 48 N. Y., 486; *Allen* v. *City of Buffalo*, 39 id., 386; *Scott* v. *Onderdonk*, 14 id., 9; *Hatch* v. *City of Buffalo*, 38 id., 276; Laws 1873, pp. 1320, 1321; Laws 1834, p. 108.)

*Jesse Johnson* for the respondent. Plaintiffs must establish the apparent validity of the assessment before they are entitled to ask relief from the equity side of this court. (*Mooers* v. *Smedle*, 6 J. Ch., 28; *Mayor of Bklyn.* v. *Mesole*, 26 Wend., 138; *Scott* v. *Onderdonk*, 14 N. Y., 9; *Heywood* v. *City of Buffalo*, id., 534; *Crook* v. *Andrews*, 42 id., 547; *Mace* v. *City of Newburgh*, 15 How., 161; *Bouton* v. *City of Bklyn.*, 15 Barb., 375.) Plaintiffs could not present questions of mere formal action in a proceeding to attack collaterally the action of a *quasi* board. (*Buff. S. L. R. R. Co.* v. *Suprs. Erie Co.*, 8 N. Y., 93.) The provision of the statute as to the certifying of their acts by the board to the common council was directory merely. (*People* v. *Suprs. Chenango Co.*, 8 N. Y., 318, 328; *People ex rel. Crimmis* v.

*McManus*, 34 Barb., 620, 627; *People* v. *Allen*, 6 Wend., 486; *Howland* v. *Luce*, 16 J. R., 135; *Striker* v. *Kelly*, 7 Hill, 9, 24; *Ex parte Heath*, 3 id., 42; *Coles* v. *Trustees of Williamsburgh*, 10 Wend., 659; *In re Em. City Bk.*, 8 N. Y., 199, 220; *Robbins* v. *Gorham*, 26 Barb., 586; *In re M. and H. R. R. Co.*, 19 Wend., 135, 143; *People* v. *Cooke*, 41 Barb., 259, 294–298; *Hall* v. *Tuttle*, 6 Hill, 38, 42; *Ostrander* v. *Walter*, 2 id., 329; *Clev. Tel. Co.* v. *Fire Comrs.*, 55 Barb., 288; *In re McCormic*, 60 id., 128.)

CHURCH, Ch. J. This action was brought to vacate certain assessments upon plaintiffs' lots, in Brooklyn, made to reimburse the city for the expense of improving Atlantic avenue, and to set aside the sales made thereon, as a cloud upon the title, upon the ground that the same are void.

There is some confusion in the evidence and findings, and hence some difficulty in ascertaining precisely what was done and what was omitted to be done respecting the improvement in question. The work it seems was performed under chapter 298 of the Laws of 1861, which appointed commissioners to lay out and regulate Atlantic avenue between certain specified points, and to grade, pave and ornament the same; the expense of which was in the first instance to be paid by the city with funds to be obtained by the issue of city bonds, and ultimately by the owners of real estate upon the avenue, except the expense of ornamentation which was to be borne by the city at large. The act provided that the board of assessors should estimate and determine the expense of grading and paving the avenue in the usual manner in which streets in the city had been graded and paved, and certify the same to the said commissioners; that such amount should be assessed by the board of assessors upon the property owners, and included with interest thereon in the annual taxes upon said lands, in installments of one-tenth thereof annually for ten years, commencing in 1863. No certificate was given and no assessment made under this act. The legislature, in 1869 (Laws, chap. 744), passed an act to provide for com-

pleting the improvement and paying the expense thereof as provided by law, by which the commissioners were required to complete the improvement without delay, and to report to the common council on or before the first Monday of June, 1869, the cost of the same, and if not completed the amount expended, with the items of expenditure; and the board of commissioners was dissolved on the first day of June and their duties were devolved upon the common council. The act also provided that upon making the report by the commissioners the board of assessors should estimate and determine the expense of grading and paving the avenue, as provided in the previous act, and certify the same to the common council; and also required the same to be assessed as provided in the previous act, except that the first installment was to be collected in 1869.

The plaintiffs claim that the assessments are void upon three grounds: First. That the amount of the assessment was never certified as required by law. Second. That the assessment list was not signed by the assessors. Third. That the amount of the assessment exceeded half of the assessed value of the lands. As to the first objection, there was no certificate and no determination, under the act of 1861, made by the assessors of the expense of grading, etc., in the usual way. By that act the certificate was to be made to the commissioners, but by the act of 1869 it was to be made to the common council. No certificate in form was made under the act of 1869, but it was proved that the board of assessors passed a resolution specifying the sum which they determined was the expense of grading, etc., in the usual way. The resolution could not be found among the records of the city, nor was it produced. It is found by the judge that such a resolution was passed. We think this resolution was a substantial compliance with the act, and was equivalent to a certificate. It was passed by a board or officers having a secretary, and evinced their official judgment as authentically as if formally executed by them. I think we may presume also that it was communicated to the common council, as the sum specified

was acted upon in levying the tax, but the omission to com-
municate it to the common council would not be fatal to the
validity of the assessment. The amount to be levied was
fixed by the determination of the assessors under the act.
Neither the common council nor the board of supervisors
had any discretion in the matter. The act declares that the
cost and expenses determined upon by the assessors shall be
assessed upon property owners, and the requirement that
notice should be given to the common council had no bearing
upon this assessment, nor was the latter in any manner
dependent upon the notice or the action of the common
council. The object of requiring notice was probably to
inform the common council of the amount which, under the
law, was to remain a charge upon the city at large, a matter
with which the tax-payer had no concern, and in which he
had no interest.

2. The assessment list which was not signed by the asses-
sors, I infer was the preliminary list made by the assessors,
containing all the items of the assessment from which the
official assessment contained in the tax-roll was made. Mr.
Field, one of the assessors, testified that he regarded it as an
office copy of the several items; that it was never looked
upon as having any official character, and that the official
assessment list was contained in the general tax-roll, in a
separate column, which was duly signed by the assessors, and
sworn to according to law. There was no necessity nor
advantage in signing the preliminary list, and no law requir-
ing it. It was a memorandum from which the official assess-
ment was made. The provisions of the charter of 1854 are
not applicable to this assessment. The mode of making it is
prescribed by the several acts authorizing this particular
improvement, which is different from that provided by the
act of 1854.

The report of the commissioners was not made within the
time prescribed in the act of 1869, and the first assessment
was not levied until after 1869, but these provisions are
directory and no question is made in respect to them.

**3.** The last objection is not tenable. The act (chap. 169 of the Laws of 1861), is not applicable to this improvement. That act relates to local improvements which are made in accordance with its provisions. The improvements are to be made upon the petition of a majority of the property owners interested, the assessors are to estimate the value of each parcel of land and the amount of the assessment on each parcel is not to exceed one-half of such value. No such thing is contemplated by the acts authorizing this improvement. The legislature has expressly required the whole amount fixed by the assessors to be levied in installments, irrespective of the value of the land, and this requirement necessarily removes the restriction of the previous act. There seems not to have been that careful precision and rigid regard to all the forms of law observed in this proceeding which is desirable, in all cases where the property of the citizen is sought to be taken by the exercise of the power of taxation, but I am unable to find any such defect as will invalidate the assessment. At least no such defect has been shown.

The judgment must be affirmed.

All concur.

Judgment affirmed.