# THE
# New York Supplement
## VOLUME 40.

(7 App. Div. 118)

## PEOPLE ex rel. COMMISSIONERS OF PUBLIC CHARITIES AND CORRECTION v. CULLEN.

(Supreme Court, Appellate Division, First Department.   June 29, 1896.)

1. HUSBAND AND WIFE—SUPPORT OF WIFE—ENFORCEMENT.
    A husband may be proceeded against as a disorderly person in that he failed to support his wife, though she had previously, in an action for a limited divorce, obtained a decree of separation without alimony, as such decree did not terminate the marital relation.
2. CRIMINAL LAW—APPEALABLE ORDERS.
    An order adjudging a man a disorderly person in that he failed to support his wife is appealable, under Code Cr. Proc. § 515, abolishing writs of error and certiorari in criminal actions and special proceedings of criminal nature, and providing that thereafter such actions and special proceedings must be reviewed on appeal.

Appeal from court of general sessions, New York county.

Proceeding by the commissioners of public charities and correction against William Cullen for abandoning his wife without adequate support. From an order of the general sessions reversing a judgment of the special sessions affirming an order made by a police justice adjudging defendant a disorderly person, in that he abandoned his wife without adequate support, the commissioners of public charities and correction appeal. Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Percy McElrath, for appellants.

Payson Merrill, for respondent.

VAN BRUNT, P. J.   This proceeding was brought at the instance of the above-named plaintiffs against the above-named defendant on the ground that he was a disorderly person, in that he had abandoned his wife, in the city of New York, without adequate support, and in danger of becoming a burden upon the public, and had neglected to provide for her according to his means.   A warrant for his arrest was issued on the 28th of May, 1894, by Police Justice Ryan, who on that day took, under oath, the examination of Eliza Cullen, the wife, and William Cullen, the defendant.   The police jus-

v.40 N.Y.S. no.1—1

tice adjudged the defendant to be a disorderly person, as charged, and ordered him to pay, or cause to be paid, to the relators, the sum of eight dollars per week for the period of one year. On the same day the defendant appealed, and on the 20th of June the said appeal came on for hearing at the court of special sessions, by which court the order of the police justice was affirmed. An appeal was thereupon taken to the court of general sessions, and on the 24th of June an order was made reversing, vacating, and setting aside the order of conviction and judgment. And from this order of the court of general sessions the plaintiffs have appealed to this court.

It appears from the record that the complainant and the defendant lived together from 1862 to 1868, when the complainant left the defendant, and that 10 years later she brought an action against him for limited divorce and alimony. The result of such action was a decree of separation from bed and board, but, in consequence of the pecuniary condition of the defendant, no alimony was decreed. A provision was attached to the judgment that in the event of the pecuniary circumstances and condition of the defendant becoming materially changed, touching his ability to support the complainant, an application might be made on the foot of the judgment, by any party in interest, for modification of the judgment touching the support of the plaintiff. In 1887 an application was made for support, at the foot of such judgment, and a referee appointed to ascertain the amount of the defendant's property and income. An appeal having been taken to the general term, such order was reversed, and the motion to open the judgment, and for alimony and counsel fee, was denied. Cullen v. Cullen, 55 N. Y. Super. Ct. 346. The learned judge in the court of general sessions, in determining the question before him, held that these proceedings in the action for a separation were a bar to the present application. In this view we are unable to concur. By the decree of separation there was no termination of the marital relation existing between the parties to the action. They continued to be husband and wife, although the judgment did determine that in October, 1868, the defendant abandoned and failed to provide the plaintiff with the necessaries of life, and refused and neglected to provide for her support. It is apparent, under these circumstances, that the defendant was a disorderly person, under section 899 of the Code of Criminal Procedure. That section describes, among others, disorderly persons as persons who actually abandon their wives or children, in the city of New York, without adequate support, or who leave them in danger of becoming a burden upon the public, or who neglect to provide for them according to their means. The record shows beyond question that the defendant had abandoned his wife without any means of support whatever, and that she was in danger of becoming a burden upon the public unless she was able to sustain herself by her own efforts, which she seems to have done for a number of years. With the provision, or rather the want of provision, in respect to alimony, the plaintiffs in this action have nothing to do. A disorderly person is defined by the statute, and all that the court determined, in the separation proceeding, is that it would not decree that the defendant should con-

tribute to the support of his wife. If he abandoned his wife without adequate support, he became, under the statute, a disorderly person, and the fact that some other court failed to do its duty certainly cannot absolve the defendant from the offense against the law which he has committed. That is a question between the people of the state and one of its citizens. It might be that the wife would be entirely unwilling that this proceeding should be instituted, but the relators had a duty to the public, to see to it that deserted wives and children should not become public charges, but that the duties imposed by law upon those responsible for their support should be performed. So in the case at bar the defendant was under the legal obligation of supporting the wife whom he had abandoned. His failure to do so made him a disorderly person, and the commissioners of charities and correction had a right to proceed against him as such.

It is urged upon the part of the respondent that, no demand having been made by the complainant for support, there was no criminal intent, and consequently the defendant could not be guilty of a crime. It appears from this record that the complainant was using every means in her power to compel him to support her. She asked for support in the separation proceeding, and for some unexplained reason her demand seems never to have received the slightest recognition, and it was only after she was unable to support herself that these proceedings were initiated. It can hardly be claimed, under these circumstances, that the defendant was ignorant of the desire upon the part of the plaintiff that he should contribute to her support.

In regard to the question of the appealability of this order, that point was determined upon the motion to dismiss the appeal. The court held that, under section 515 of the Code of Criminal Procedure, writs of error and certiorari in criminal actions, and special proceedings of a criminal nature, as they had theretofore existed, were abolished, and that thereafter the only method of reviewing criminal actions, or special proceedings of a criminal nature, was by appeal, and that the subsequent provisions in regard to appeals in criminal actions was in no way intended to take away the right of review which had previously existed in reference to special proceedings of a criminal nature.

The order appealed from should be reversed, with costs. All concur.