JOHN SZUCHY, an Infant, by JOHN STOTZKY, his Guardian ad Litem, Respondent, v. THE HILLSIDE COAL AND IRON COMPANY, Appellant.

1. APPEAL — DENIAL OF MOTION FOR NONSUIT — QUESTION OF SUFFICIENCY OF EVIDENCE TO SUPPORT VERDICT. The effect, on appeal, of exceptions in an action of negligence tried by a jury to the denial of motions for a nonsuit on the grounds that there was no proof of the defendant's negligence, or of the defendant's knowledge of the danger, or of the plaintiff's freedom from negligence, is to raise only the question whether there was sufficient evidence to sustain the verdict.

2. FRIVOLOUS EXCEPTIONS AS TO EVIDENCE. Exceptions to rulings upon the admission and rejection of evidence, in an action tried by a jury, which appear from a mere inspection of the record to be without merit and frivolous, present no question of law that can be reviewed by the Court of Appeals.

3. COURT OF APPEALS — JURISDICTION — DECISION OF APPELLATE DIVISION THAT THERE IS EVIDENCE SUPPORTING VERDICT. The provision of the Constitution (Art. 6, § 9) and of the Code of Civil Pro-

| | |
|---|---|
| 150 | 219 |
| 151 | 57 |
| 151 | 321 |
| 150 | 219 |
| 152 | 436 |
| 150 | 219 |
| 153 | 458 |
| 150 | 219 |
| 154 | 599 |
| j 154 | 617 |
| 150 | 219 |
| j 156 | 62 |
| 150 | 219 |
| 160 | 46 |
| 160 | 334 |
| 150 | 219 |
| 161 | 96 |
| f 161 | 301 |
| 161 | 611 |
| 150 | 219 |
| j 164 | 181 |
| 164 | 204 |
| 150 | 219 |
| 166 | 245 |
| 150 | 219 |
| 171 | 3 639 |

cedure (§ 191), that "no unanimous decision of the Appellate Division of the Supreme Court that there is evidence supporting or tending to sustain * * * a verdict not directed by the court, shall be reviewed by the Court of Appeals," is final and conclusive; and the Court of Appeals is without jurisdiction to review such a decision, even if the trial court erred in holding that the evidence was sufficient to require the submission of the case to the jury and the Appellate Division was wrong in deciding that the evidence sustained the verdict.

4. MOTION FOR NONSUIT, UPON INSUFFICIENCY OF EVIDENCE — QUESTION OF LAW. The denial of a motion for a nonsuit based upon the insufficiency of the evidence does not present a question of law which will authorize the Court of Appeals to review a case on appeal in which the Appellate Division has unanimously decided that there was evidence supporting the verdict.

*Szuchy* v. *Hillside C. & I. Co.* 2 App. Div. 616, appeal dismissed.

(Argued May 25, 1896; decided October 6, 1896.)

THIS was a motion to dismiss the appeal from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered upon an order made February 11, 1896, which affirmed a judgment in favor of plaintiff entered upon a verdict, upon the ground that the Appellate Division has unanimously decided that the verdict of the jury is supported by the evidence, and that no questions of law are raised by the appellant's exceptions which can be reviewed by the Court of Appeals.

*Frederick W. Catlin* for motion. This court cannot review the affirmance of the order denying the motion for a new trial, but only the exceptions. (*Duryea* v. *Vosburgh*, 121 N. Y. 57; *Wicks* v. *Thompson*, 129 N. Y. 634; *Schwinger* v. *Raymond*, 105 N. Y. 648.) Under the new Constitution the power of review, when there has been a unanimous affirmance by the Appellate Division, has been taken from this court. (Const. N. Y. art. 6, § 9; Laws of 1895, chap. 946; Code Civ. Proc. §§ 190, 191; *Dalzell* v. *L. I. R. R. Co.*, 119 N. Y. 626; *Wright* v. *Hunter*, 46 N. Y. 409.)

*Henry L. Sprague* opposed.

MARTIN, J. This action was for damages sustained by an injury, alleged to have been caused by a vicious mule owned

by the defendant, which it directed the plaintiff to lead, without in any way warning him of its vicious habits or character.

Owing to the viciousness of the animal, the plaintiff was thrown under the wheels of a car, and received a personal injury which resulted in the loss of one of his legs. The case was tried and decided upon the theory that the defendant knew the animal was vicious, and directed the plaintiff to use it without in any way apprising him of the danger attending such service. The question principally litigated upon the trial was whether the defendant knew of its vicious habits and propensities. The trial court held that there was evidence tending to show that fact, and thus the question was one which should be submitted to the jury. It was so submitted and the verdict was for the plaintiff. From the judgment entered thereon the defendant appealed to the Appellate Division of the Supreme Court, where it was affirmed. That court "unanimously decided that the verdict of the jury is supported by the evidence."

Upon the trial, at the close of the plaintiff's case, the defendant moved for a nonsuit on the ground that there was no proof of the defendant's negligence; that knowledge on the part of the defendant of the viciousness of the mule was not shown, and that it was not proved that the plaintiff was free from negligence. This motion was denied and the defendant excepted. A similar motion was made when the evidence was closed, which was also denied, and the defendant duly excepted. The only question raised by these exceptions was whether there was sufficient evidence to sustain the verdict. (*Schwinger* v. *Raymond*, 105 N. Y. 648.)

There were several exceptions by the defendant to the rulings of the trial court upon the admission and rejection of evidence. These we have carefully examined, and are of the opinion that they are without merit and manifestly frivolous. That appears from a mere inspection of the record. Therefore, so far as that class of exceptions is concerned, the case presents no question of law that can be reviewed upon this appeal. (*Wright* v. *Hunter*, 46 N. Y. 409 ; *Dalzell* v. *Long*

*Island R. R. Co.*, 119 N. Y. 626; *Stoughton* v. *Lewis*, 2 How. Pr. [N. S.] 331.)

This brings us to a consideration of the only important question involved in this motion, which is, whether this court can review the rulings of the trial court in denying the defendant's motions for a nonsuit.

Section nine of article six of the Constitution, as amended in 1894, provides: "After the last day of December, one thousand eight hundred and ninety-five, the jurisdiction of the Court of Appeals * * * shall be limited to the review of questions of law. No unanimous decision of the Appellate Division of the Supreme Court, that there is evidence supporting or tending to sustain a finding of fact or a verdict not directed by the court, shall be reviewed by the Court of Appeals. * * * The provisions of this section shall not apply to orders made or judgments rendered by any General Term before the last day of December, one thousand eight hundred and ninety-five, but appeals therefrom may be taken under existing provisions of law."

Section 191 of the Code of Civil Procedure, as amended in 1895, which limits the right to appeal from final orders or judgments, declares in the language of the Constitution that: "No unanimous decision of the Appellate Division of the Supreme Court, that there is evidence supporting or tending to sustain a finding of fact or a verdict not directed by the court, shall be reviewed by the Court of Appeals."

Thus, we have the mandate of both the Constitution and the statute forbidding the review by this court of any unanimous decision of the Appellate Division, that there is evidence supporting a verdict not directed by the court. In this case, the decision having been unanimous, rendered since December 31st, 1895, and the verdict not having been directed by the court, it falls within the provisions of the Constitution and statute.

The appellant contends that certain evidence was admitted that was incompetent; that although not objected to, yet, as it was incompetent, it was insufficient to sustain the verdict, and,

hence, the court erred in not granting its motion for a non-suit. We do not deem it necessary to examine or determine whether or not that contention can be sustained. If it be true that the trial court erred in holding that the evidence was sufficient to require the submission of the case to the jury, and the Appellate Division was wrong in deciding that the evidence sustained the verdict, yet, as the unanimous decision of the latter court was to the effect that there was evidence supporting it, it is final and this court is without jurisdiction to review it. That no such decision can be reviewed by this court is the language of the Constitution and statute, and their command must be regarded as conclusive and be obeyed.

If it be said that the evidence being insufficient, the refusal of the court to grant the defendant's motion for a nonsuit presented a question of law, it in no way aids the defendant. The provisions of the Code are to the effect that after December 31st, 1895, this court shall be confined to the review of actual determinations made by the Appellate Division on appeals from judgments or orders finally determining actions or special proceedings, and is limited to the review of questions of law. Thus, under that provision, the only questions that may now be reviewed by this court in any case are questions of law. But its jurisdiction is also further limited by the provision that when the decision of the Appellate Division is unanimous, and to the effect that there was evidence supporting the verdict, it shall not be reviewed by this court. Those provisions apply as well where there is an entire absence of proof, and under the Code as it stood before it was amended in 1895, a question of law was presented, as when a verdict is claimed to be against the weight of evidence and a question of fact is to be examined. In neither case has this court any jurisdiction to review the unanimous decision of an Appellate Division.

This is rendered more obvious by the amendment of sections 1337 and 1338 of the Code of Civil Procedure, passed in 1895 (Ch. 946). That amendment in effect repealed that portion of section 1337 which provided that "An exception to

the finding of a fact unsupported by any evidence shall be deemed to present a question of law upon an appeal to the Court of Appeals." It also repealed the portion of section 1338, which was to the effect that where it clearly appeared in the body of the judgment or order appealed from that it was reversed upon a question of fact, the Court of Appeals must review the determination of the General Term upon questions of fact, as well as questions of law. The action of the legislature in repealing those provisions of the Code, as well as in enacting the provisions contained in sections 190 and 191 as they now stand, renders it manifest that this court has no jurisdiction to review the question under consideration. Unless the purpose of the amendment conforming the statute to the provisions of the amended Constitution was to prohibit an appeal in such a case, it was inoperative and of no effect, and it is not to be presumed that the legislature would do a vain thing. On the other hand, it must be presumed that the intent of the legislature was to effect the result which the provisions of the Constitution and amendment of the Code so clearly indicate.

The right to appeal is not a natural or inherent one, but rests upon the statute alone, and may be taken away by the legislature, unless conferred by the organic law of the state. The jurisdiction of the Court of Appeals is created by statute, and it has no other. (*People ex rel. Grissler* v. *Fowler*, 55 N. Y. 675 ; *Hewlett* v. *Elmer*, 103 N. Y. 156, 164.) Therefore, when the right of appeal to this court was taken away by statute, in cases where the decision of the Appellate Division is unanimous, and to the effect that there is evidence supporting the decision or verdict, the statute is conclusive upon this court, and it has no right to entertain an appeal in such a case.

While in a case like this, where the motion for a nonsuit is based upon the insufficiency of the evidence, and the Appellate Division has unanimously determined that there was evidence supporting the findings or verdict, the decision cannot be reviewed by this court, yet it is perhaps possible, where a motion for a nonsuit is based upon other grounds and is

denied, that questions may arise which may be reviewed by it. But as no such question is involved in this case it is unnecessary either to discuss or determine it.

It, therefore, follows that as there is in this case no question that this court is authorized to review the appeal should be dismissed.

All concur.

Appeal dismissed, with costs.