## Court of Appeals.

### December 1, 1896.

## PEOPLE ex rel. COMMISSIONERS, ETC. v. WILLIAM CULLEN.

1. COURT OF APPEALS—REVIEW.

Court of appeals has no power to review a judgment or order of the appellate division of the supreme court made in a special proceeding of a criminal nature, which originated in a police court or court of special sessions.

2. APPEAL—PROSECUTION.

Whether the people or the prosecution, under whatever name the proceeding may be instituted, have the right to appeal to the supreme court, after a reversal by the county court or court of sessions, is open to grave doubt.

Appeal from a judgment of the appellate division of the supreme court, reversing the judgment of the general sessions. Motion to dismiss the appeal.

George W. Lyon, for the motion.

H. B. B. Stapler and Payson Merrill, opposed.

VANN, J.—This was a special proceeding of a criminal nature commenced before one of the police justices of the city of New York, under that part of section 899 of the Code of Criminal Procedure which provides that "persons who actually abandon their wives or children without adequate support, or leave them in danger of becoming a burden upon the public, or neglect to provide for them according to their means," are disorderly persons.

Code Cr. Proc. pt. 6, tit. 7, § 899.   The proceeding was commenced by the board of charities and correction, who, for the sake of clearness and as required by the Code, are called the "complainants," against William Cullen, the husband of Ellen Cullen, as "defendant."   Id. § 950.   The defendant made no defense before the police justice, who adjudged him a disorderly person, and required him to pay the sum of eight dollars per week to the complainants for the support of his family.   The defendant appealed to the court of special sessions, where a trial was had, and it appeared that the defendant had no family except his wife, who, on the 15th of October, 1883, had procured a decree of separation from him in the superior court of the city of New York.   The judgment, which was read in evidence, made no provisions for alimony, but granted leave to any party in interest to apply "for such modification of said judgment touching the support of said plaintiff or any other matter as may be just."   It further appeared that in 1887 an application for alimony was made in the same action on behalf of the wife, under the clause in the decree which permitted it, and an order granted directing a reference to ascertain the amount of defendant's property in order that some allowance might be made; but on appeal to the general term the order was rervesed, and the motion denied.   Although the point was distinctly raised that said decree was conclusive upon the question of the defendant's duty to support his wife, the court of special sessions affirmed the order of the police justice in all respects.   Upon appeal, however, by the defendant to the court of general sessions, the judgments below were reversed, upon the ground that the judgment of separation procured by the wife was a complete defense to this proceeding against the husband for her support. Thereupon the complainants appealed to the appellate division of the supreme court, which reversed the judgment of the court of general sessions, and affirmed the judgment of the special sessions. 7 App. Div. 118, 40 N. Y. Supp. 1.   The defendant then appealed to this court, and the complainants now move to dismiss his appeal.

This motion involves our power to review a judgment or order of the appellate division of the supreme court made in a special proceeding of a criminal nature, which originated in a police court

or court of special sessions.    We have no jurisdiction to hear the
appeal unless it is conferred by statute.    People v. Trezza, 128
N. Y. 529, 28 N. E. 533 ; People v. Palmer, 109 N. Y. 413, 418,
17 N. E. 213, 215 ; People v. Dempsey, 31 Hun, 526, 528.    This
is the established rule in all actions, both civil and criminal,
and we think it is necessarily the same in special proceedings of a
criminal nature, which are created by statute, and are partly civil
and partly criminal in character.    Szuchy v. Iron Co., 150 N. Y.
219, 224, 44 N. E. 974.    The practice in criminal actions, criminal
proceedings, and special proceedings of a criminal nature is now
regulated by the Code of Criminal Procedure, and our attention
has been called to no other statute now in force, with reference to
the subject of appeals or other method of review in such matters.
That Code is divided into six parts, the first three of which relate
to courts of original jurisdiction, to the prevention of crime, and
to proceedings for the removal of public officers by impeachment
or otherwise.    Part 4 embracing sections 133 to 698, inclusive, re-
lates to proceedings in criminal actions prosecuted by indictment,
and prescribes the procedure from indictment to final judgment in
those cases. · It includes under title 11 ( sections 515 to 549 ) the
subject of appeals, when the prosecution is by indictment, and
provides what appeals may be taken by the people, as well as by
the defendant.    It does not regulate appeals in criminal actions,
proceedings, or special proceedings of a criminal nature instituted
in courts not of record.    That subject is covered by part 5 of the
Code of Criminal Procedure ( sections 699 to 772 ), which relates
exclusively to proceedings in courts of sessions, police courts, and
the like.    Title 3 ( sections 749 to 772 ) embraces appeals from
those courts, and provides a complete system of reviewing judg-
ments rendered therein.    A comparison of the parts 4 and 5 shows
that criminal and quasi criminal appeals, following the analogy of
appeals in civil cases, are classified into two kinds, depending on
the jurisdiction of the court in which the prosecution was commen-
ced.    When the court of original jurisdiction is a court of record,
the procedure is regulated by part 4 ; but, when the court of origin ·
is not a court of record, part 5 alone applies.    Each system is com-
plete and independent of the other, except that certain portions
of part 4, not here material, are expressly adopted in part 5.    For

the rules governing this appeal, therefore, we must look to part 5, which prescribes the only method of reviewing the determination of the inferior criminal courts. In opposition to this view, section 515, which occurs in part 4, is urged upon our attention. That section, as originally enacted, simply abolished writs of error and certiorari in criminal actions, and substituted the remedy of appeal; but in 1884 it was so amended as to apply to criminal proceedings and special proceedings of a criminal nature. Laws 1884, c. 372. § 1. The effect of this was simply to make the method of review uniform in all cases, instead of allowing a review by appeal in criminal actions, and by certiorari in criminal proceedings and special proceedings of a criminal nature, and to remove some confusion that had arisen from conflicting decisions in the supreme court. People v. Ontario Sessions, 45 Hun, 54; People v. Dempsey, 31 Hun, 526; Killoran v. Barton, 26 Hun, 648; People v. Davis, 15 Hun, 209; People v. Trumble, 1 N. Y. Cr. R. 443; People v. Carney, Id. 270. The legislature did not intend by that amendment to make the system of review provided by part 4 applicable to cases covered by part 5, as is evident from the second section of the act of 1884, which so amended section 749 of the Criminal Code as to cover convictions by the minor courts in criminal proceedings and special proceedings of a criminal nature, as well as in criminal actions to which it had previously been confined. Section 515 was thus given a general effect by abolishing review by writ, and substituting review by appeal in all criminal matters. The new plan was carried into effect by the remainder of part 4 as to appeals where the proceeding originated in a court of record, and by part 5 where the proceedings originated in a court not of record. Part 4, as originally enacted applied exclusively to criminal actions. It had not then, and it has not now, any reference to special proceedings of a criminal nature. The legislature, by amending section 515, but leaving the other sections of part 4 unchanged showed that it did not intend to enlarge the grasp of those sections beyond the scope contemplated at the time of their enactment.

Our jurisdiction, therefore, to hear the appeal in question, must be found, if it exists, in part 5 of the Criminal Code. Title 1 refers to proceedings in courts of special sessions generally, and title 2 to the proceedings of those courts in the city and county of New

York.   Title 3 relates to "appeals from courts of special sessions," without regard to locality; and the first section thereof provides that " a judgment upon conviction, rendered by a court of special sessions, police court, police magistrate, or justice of the peace, in any criminal action, or proceedings or special proceedings of a criminal nature,   *   *   *   may be reviewed by the county cou.t (formerly court of sessions) of the county, upon an appeal as pre-scribed by this title, and not otherwise."   Code Cr. Proc. § 749, as amended by Laws 1895, ch. 880.   The method of taking the a<sub></sub>peal, making the return, arguing the appeal, rendering judgment thereon, and carrying it into effect, is fully prescribed by sections 750 to 769, inclusive.   Section 770 then provides that " if the judgment on the appeal be against the defendant he may appeal therefrom to the appellate division of the supreme court in the same manner as from a judgment in an action prosecuted by in-dictment."   The next section directs that the judgment of the su-preme court upon the appeal shall be final, " except that where the original appeal was from a judgment of commitment of a child, either party may appeal to the court of appeals in like manner as a defendant under section 519," which refers to appeals in cases originating in a court of record.   There is no other provision al-lowing an appeal to this court in a proceeding commenced in one of the minor courts.   Thus, the rule is absolute in all cases, with a single exception, and the proceeding before us is not covered by the exception.   The legislature evidently intended to place a limit upon the right of review in the less important class of cases, by allowing only two appeals, one to the county and the other to the supreme court.   Our conclusion is that we have no power to hear the appeal in question, which must therefore be dismissed.

Whether the people or the prosecution, under whatever name the proceeding may be instituted, have the right to appeal to the supreme court, after a reversal by the county court or court of sessions, is open to grave doubt.   We find no authority for it in any statute.   The position of the learned appellate division, that the right exists by implication of law, does not impress us as satis-factory, in view of the complete systems of appeal in all criminal matters that are expressly provided by statute.   It is unneccessary, however, to now decide the question.   If the judgment of the ap-

pellate division is void on its face for the want of jurisdiction to reverse the court of sessions, the defendant may obtain relief when an attempt is made to enforce the judgment against him. The motion to dismiss is granted, but, under the circumstances, without costs.

All concur.

Appeal dismissed.