PEOPLE ex rel. EDWARDS v. WARDEN OF WORKHOUSE et al. SAME v. CRANE. PEOPLE ex rel. ARLINGTON v. WARDEN OF WORKHOUSE et al. SAME v. CRANE.

(Supreme Court, Special Term, New York County. March 3, 1902.)

1. CERTIORARI—CRIMINAL CAUSE—TRAVERSE—DEMURRER.
   A traverse of a return of a magistrate to a writ of certiorari to obtain a review of a conviction in a criminal case, that the return does not show that any warrant was issued by the magistrate for the arrest of the relator, is substantially a demurrer to the return.
2. SAME—ABOLITION OF WRIT—STATUTE—APPLICATION OF.
   Code Cr. Proc. § 515, abolishing writs of certiorari in criminal cases, applies to prosecutions for vagrancy, though the section is found in part 4 of the Code, which relates to prosecutions by indictment, and the provisions relating to vagrancy are in part 5.

**3. HABEAS CORPUS—RETURN—SUFFICIENCY.**

When the relator in habeas corpus to obtain his release from the work-house, where he is confined as a vagrant, claims that he is entitled to be released under Greater New York Charter, § 710, authorizing the release of convicts for vagrancy in less than the term of sentence if the records show that they have not been committed to the workhouse, penitentiary, or county jail within two years for public intoxication, disorderly conduct, or vagrancy, it is not necessary that the returns show that he has been so committed, but he must set up the facts showing his right to discharge under the act.

**4. SAME.**

A return to a writ of habeas corpus to procure the release of a prisoner from the workhouse which states that he is held under a commitment from a city magistrate is not defective, in failing to show that he was arrested under a warrant, as it will be presumed that the magistrate acquired jurisdiction over the prisoner in the proper manner.

Habeas corpus by the people, on the relation of Edwards, against the warden of the workhouse, and certiorari by the same plaintiff against Crane. Habeas corpus by the people, on the relation of Arlington, against the warden of the workhouse, and certiorari by the same plaintiff against Crane. Writs dismissed.

Philip Cohen, for relator.

Henry G. Gray, Asst. Dist. Atty., for respondent.

GREENBAUM, J. Each of the relators in the above-entitled proceedings is brought into court upon writs of certiorari directed to the magistrate, and of habeas corpus directed to the warden, upon a state of facts alike in both cases. The return to the certiorari in each case shows that the relator was brought before the magistrate upon a sworn complaint of a police officer, charging her with a violation of title 3, § 141, of the general city law, in that she "did knowingly reside in a house of prostitution, in a tenement house particularly described, and further charging her with being a vagrant." The return further shows that the relator was tried upon this charge of vagrancy, and that after taking the testimony of the officer the said relator, being called upon to answer, and being informed of her rights, and of said charge, complaint, and testimony, did answer that she was "not guilty," whereupon the magistrate convicted her of being guilty of vagrancy, as charged in said complaint, and committed "her to the workhouse for a period of six months, or until she shall thence be delivered by due course of law." The traverse to the return of the magistrate sets up "that the said return does not show that any warrant for the arrest of the relator herein was ever issued by said Leroy B. Crane as city magistrate." The traverse was substantially a demurrer to the return.

Section 515 of the Code of Criminal Procedure provides that:

"Writs of error and certiorari, in criminal actions and proceedings and special proceedings of a criminal nature as they have heretofore existed, are abolished, and hereafter the only mode of reviewing a judgment or order in a criminal action or special proceeding of a criminal nature is by appeal."

Counsel for the relators contend that inasmuch as part 4 of the Criminal Code relates to proceedings in criminal actions prosecuted by indictment, and prescribes the procedure in such cases, section

515, which is one of the sections embraced in part 4, is only applicable to cases referred to under part 4, and not to those described in part 5, of the Code, under which the charge of vagrancy is embraced. People v. Cullen, 151 N. Y. 54, 45 N. E. 401, is cited by relators' counsel as authority for his contention. An examination of the Cullen Case shows that it holds precisely the opposite view, and that it is an express authority for the ruling heretofore made in some previous cases of a similar nature, that the abolition of writs of certiorari is applicable to cases embraced in both parts 4 and 5 of the Criminal Code. Section 515, as originally enacted, did refer exclusively to cases cognizable in a court of record, as provided for in part 4; but in 1884 this section was amended so as to apply also to "criminal proceedings and special proceedings of a criminal nature," which are treated of in part 5. The court of appeals in the Cullen Case, 151 N. Y. 58, 45 N. E. 402, holds that:

"The effect of this [amendment] was simply to make the method of review uniform in all cases, instead of allowing a review in criminal actions, and by certiorari in criminal proceedings and special proceedings of a criminal nature, and to remove some confusion that had arisen from conflicting decisions in the supreme court. * * * Section 515 was thus given a general effect, by abolishing review by writ, and substituting review by appeal, in all criminal matters."

The writs of certiorari must therefore be dismissed.

We will now direct attention to the writs of habeas corpus allowed to the relators, directed to the warden of the workhouse. The latter makes return to each of the writs that the relator is held in his custody under a commitment issued by Magistrate Crane. A copy of the commitment, forming a part of the return, sets forth all the proceedings had before the magistrate, as hereinbefore summarized. The traverse to the return avers "that said commitment does not show on its face any record whether such person has been committed to the workhouse, penitentiary, or county jail after January 1, 1902, and within two years next preceding the date of said commitment, for public intoxication, disorderly conduct, or vagrancy." The object of the traverse, obviously, was to raise the point that it is necessary affirmatively to show by the return that the relator might be entitled to a discharge before the expiration of the six months for which she was committed, under section 710 of the Greater New York charter. The section of the charter referred to provides for a discharge of a prisoner under certain circumstances. If the relator claims that she is illegally detained, because she is entitled to the benefits of section 710 aforesaid, it would be incumbent upon her to traverse the return by alleging a state of facts warranting her discharge under the provisions of section 710; and if, on a hearing upon the issue thus raised, it was found that she was illegally detained, she would be discharged from the custody of the warden.

The further point is raised by the relator that the return does not show that the relator had been arrested under a warrant lawfully issued. No authority is adduced showing that it must affirmatively appear in the commitment that the magistrate acquired jurisdiction of the relator under a warrant. The commitment sufficiently shows

that the relator was brought before the magistrate for examination, and it will be presumed that he duly and regularly acquired jurisdiction over the relator, either by her voluntary appearance, warrant of arrest, or arrest by an officer or person in whose presence the alleged misdemeanor occurred. "If the process is valid on its face, it will be deemed prima facie legal, and the prisoner must assume the burden of impeaching its validity by showing a want of jurisdiction." People v. Liscomb, 60 N. Y. 571, 19 Am. Rep. 211. See, also, People v. Protestant Episcopal House of Mercy of City of New York, 128 N. Y. 180, 28 N. E. 473; People v. Wilson, 88 Hun, 261, 34 N. Y. Supp. 734.

Writs dismissed and relators remanded to the custody of the warden.