MATHIAS LEONHARDT, Respondent, *v.* THE CITY OF YONKERS, Appellant.

Second Department, February 25, 1921.

Municipal corporations — sewers — exemption of cemetery from assessment for construction — assessment not extending to full depth of corner lots — omissions and defects not amounting to " total want of jurisdiction to levy and assess " within meaning of Second Class Cities Law, section 164 — half cost of sewer less than two feet in diameter cannot be assessed against city of second class — failure of property owner to resort to procedure laid down by statute for determination of grievances.

The statutory exemption of a cemetery in the city of Yonkers from assessment for the cost of a sewer is binding and controlling on the common council, and is beyond remedy in a suit by a taxpayer for the cancellation of assessments.

Where a city has followed the procedure laid down by the Second Class
  Cities Law for the construction of a street sewer, filed the assessment roll
  with a publication by the common council of a notice thereof and an
  announcement of a meeting to consider objections presented, a lot owner,
  who omits to object to the assessment or to avail himself of the prescribed
  method of judicial review under the statute, cannot successfully maintain
  a suit in equity to set aside and cancel, as a cloud on his title, the assess-
  ments so made, on the grounds that the area of the assessment did not
  go back to the full depth of the corner lots situated on lateral streets
  already sewered; that there was an omission to have any cost estimate
  made as prescribed by section 120 of the Second Class Cities Law; that
  the published notice for bids did not specify the penalty of the bond which
  the bidder was to furnish as required by an ordinance of said city, and
  that the supplemental city charter (Laws of 1908, chap. 452, art. 6, § 18),
  requiring a statement of the cost of the sewer to be certified to the common
  council as the basis of an assessment, was not complied with, but instead
  the comptroller's certificate was sent directly to the assessors, for such
  defects and omissions do not amount to a " total want of jurisdiction to
  levy and assess," within the meaning of section 164 of the Second Class
  Cities Law.
An ordinance which was passed by the common council putting one-half
  the cost on the city was void, since the sewer was less than two feet in
  diameter and to impose one-half the cost on defendant, a city of the
  second class, would be contrary to section 100 of the Second Class Cities
  Law.
Where the Legislature has provided a mode of publishing notice designating
  a time and place appointed to present grievances, objections and com-
  plaints, which will then be heard and considered, the Legislature may
  limit and restrict any subsequent resort to judicial proceedings, and the
  plaintiff after an omission for three years to act cannot now say that his
  property has been assessed without due process of law.

APPEAL by the defendant, The City of Yonkers, from a
judgment of the Supreme Court in favor of the plaintiff,
entered in the office of the clerk of the county of Westchester on
the 24th day of May, 1920, upon the decision of the court
rendered after a trial at the Westchester Special Term in an
equity suit to set aside and cancel as a cloud on title certain
assessments upon plaintiff's property. These are for a sewer
built a distance of about 1,626 feet in Ashburton avenue,
Yonkers.

Plaintiff's premises (on the west side of the avenue) had a
total assessment of $3,353.48. On the easterly side of the
avenue opposite this new sewer is the cemetery property of

the Oakland Cemetery Association which is on a level above the street grade. Some of the grounds of opposition by the residents were that they had long had an adequate house sewer originally built at their expense, and that the lands most benefited by this new sewer were those of this cemetery, from which at times a surface wash descends into Ashburton avenue.

The original ordinance for this sewer passed August 28, 1911, was followed by a contract under which the sewer was completed in 1913. On February 9, 1914, when the assessment question was raised, plaintiff and nineteen others petitioned to the common council asking that the city at large bear one-half such expenses, which the common council referred to the committee on taxes and assessments. The same persons later lodged a formal protest on the ground that such assessments were out of proportion to the benefits derived therefrom, which protest was duly referred to the committee on laws and ordinances.

On December 14, 1914, the common council passed an ordinance amending the original 1911 ordinance. This amendment put half the expense of this sewer on the city at large.

In the following June the comptroller returned a certificate of the items of sewer cost to the board of assessors, but informed them that the same could not be assessed against the city at large because the sewer was less than two feet in diameter. (Second Class Cities Law, § 100.) But this amending ordinance of December 14, 1914, placing half the cost on the city, was never repealed. It was ignored, and an assessment made up and filed in the office of the city clerk, followed by publication of notice that the common council would meet on June 26, 1916, also that prior to that date written objections to such assessment might be filed. Apparently no objections were made, so that at a meeting of the common council on August 28, 1916, the assessment was confirmed, and then sent to the city treasurer for collection.

On publication of notice of sale of the lands for non-payment of such assessments, plaintiff began this suit on January 12, 1920, to enjoin such sale and to cancel the assessments as a cloud on his title. The learned court gave plaintiff judgment, from which this appeal is taken.

*William A. Walsh, Corporation Counsel* [*John J. Broderick* with him on the brief], for the appellant.

*Ralph Earl Prime, Jr.,* for the respondent.

PUTNAM, J.:

These proceedings show defects and irregularities. The question is whether they may now be raised by this lot owner, after filing of the assessment roll, publication by the common council of notice thereof, with announcement of a meeting to consider objections presented, followed by plaintiff's omission to object to the assessment, or to avail himself of the prescribed method of judicial review under the statute. (Second Class Cities Law, §§ 164, 165.) Did such defects and omissions amount to a " total want of jurisdiction to levy and assess " within section 164, or were they errors and irregularities, such as the Legislature might subject to the wholesome doctrine of waiver, if not objected to, and no court application made, within twenty days after confirmation? (Id. § 165.)

Plaintiff's hardship from being assessed towards the whole cost of a sewer that did not materially benefit him, leaving the abutting cemetery lands free, is a consequence of a statutory exemption of this cemetery, which bound and controlled the common council. (Real Prop. Law, § 450;* *Oakland Cemetery* v. *City of Yonkers,* 63 App. Div. 448; affd., 182 N. Y. 564.) It is beyond remedy in this proceeding. (*Goldsmith* v. *Prendergast Const. Co.,* 252 U. S. 12.)

However, he has a further objection to lands not being included in the assessment area. The Ashburton avenue sewer crossed the junctions of Seymour and Mulberry streets and Croton Terrace — lateral streets already with drainage by local sewers. The entire west frontage along Ashburton avenue was assessed. But at these corners the area of the assessment did not go back to the depth of these lots, which were cut by diagonal lines so as to exclude parts, making a reduced area which already had drainage in the intersecting street sewers. This was within the legislative power of the common council, in delimiting the assessment area. It did not violate the principles by which it determined what property

---

* Since amd. by Laws of 1918, chap. 404.— [REP.

was benefited. (*Spencer* v. *Merchant,* 100 N. Y. 585; *People ex rel. Scott* v. *Pitt,* 169 id. 521.)

Among omissions charged is the failure to have any cost estimate under Second Class Cities Law, section 120,* which requires an " estimate of the whole cost " of a public improvement, " including all expenses incidental thereto and connected therewith," as a basis for any contract — a provision to aid in deciding to vote for the work and for the better scrutiny of the bids. This seems to have been omitted. But this was not jurisdictional in the sense that it was beyond the curative effect of confirmation by the common council. (2 Page & Jones Taxation by Assessment, § 932; *Sorchan* v. *City of Brooklyn,* 62 N. Y. 339.)

General Ordinance No. 2 of the city of Yonkers, adopted January 2, 1908, required (§ 9) the published notice for bids to specify the penalty of the bond which the bidder was to furnish. This was not done. Instead of a bond, the contractor had two obligors join with him in the contract. The ordinance was to let intending bidders know what security they must offer, and the absence of a notice of the required amount of the bond might narrow the field of bidders, and possibly advantage one who had inside information. However, it is nowhere urged or hinted that the contract was unfairly given out, or let on too favorable terms. Such informalities, therefore, did not destroy jurisdiction, nor work any substantial injustice. (*Conde* v. *City of Schenectady,* 164 N. Y. 258.)

Although the ordinance of December 14, 1914 (which purported to put half this expense on the city), was never actually repealed, it was nevertheless void, because this sewer was less than two feet in diameter. (Second Class Cities Law, § 100.) Though unrepealed, it appears not to have misled the plaintiff. It was *ultra vires.* The general statute known as the Second Class Cities Law limited the powers of the common council of Yonkers in apportioning the cost of sewers under its supplemental charter (Laws of 1908, chap. 452), as it restricted the authority of officials in other cities of that class throughout the State.

---

* Since amd. by Laws of 1917, chap. 18, and Laws of 1920, chap. 215.— [REP.

After such a sewer was built, a statement of its cost was required to be certified to the common council as a basis for any assessment. (Laws of 1908, chap. 452, art. 6, § 18.) Instead of an exact compliance, the comptroller's certificate went directly to the assessors. After the assessment had been completed, it was confirmed by the common council, which ratification I think remedied the omission in the first instance to submit the certificate to that body.

Other objections are raised to certain expenses for engineering and like outlays, which were included in this certificate. Apparently these charges come within the comprehensive provisions of the supplemental charter (Laws of 1908, chap. 452, art. 6, § 18).*

Where the Legislature has provided a mode of published notice designating a time and place appointed to present grievances, objections and complaints, which will then be heard and considered, the Legislature may restrict and limit any subsequent resort to judicial proceedings. (*Matter of Common Council of Amsterdam,* 126 N. Y. 158; *Farncomb v. Denver,* 252 U. S. 7.) Plaintiff's omission for over three years to act does not enable him now to say that his property has been assessed " without due process of law." (*Moore v. City of Yonkers,* 235 Fed. Rep. 485.)

It follows, therefore, that plaintiff has not made out such a " total want of jurisdiction to levy and assess " as would entitle him to cancel assessments confirmed after due notice, and without objection.

Hence, I advise that the judgment appealed from should be reversed, with costs of appeal, and judgment of dismissal entered, with new findings and conclusions of law, but without costs of the original suit.

JENKS, P. J., RICH, BLACKMAR and KELLY, JJ., concur.

Judgment, with findings, reversed, and judgment of dismissal entered, with new findings and conclusions of law, with costs of appeal, but without costs of the original suit. Settle order on notice.

---

* See, also, Laws of 1916, chap. 85, amdg. said § 18.— [REP.