## FOURTH DEPARTMENT, MAY, 1923.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES O. SEBRING, Appellant,
    *v.* MUNSON B. DOWD and Others, as Assessors of the City of Corning, Steuben
    County, New York, Respondents.

*Taxation — certiorari to review assessment on realty — valuation of residential*
    *property for taxation should be based primarily on market value — court on appeal*
    *unable, because of irregularity in proceeding, to determine whether there was*
    *inequality as to assessment — evidence not sufficient to make new finding — final*
    *order (styled judgment) reversed.*

Appeal from a judgment of the Supreme Court, entered in the Steuben county
clerk's office on May 25, 1922, confirming an assessment on real property and
dismissing a writ of certiorari, and also from an order dated July 23, 1921, directing
a reference. (See 118 Misc. Rep. 588.)

PER CURIAM: Relator and his wife are owners by the entirety of real property in the city of Corning, which in the year 1921 was assessed at $30,000. The assessment is attacked for overvaluation and inequality. The finding below was that the full value " exceeded the sum of $30,000." 1. That rather indefinite valuation may be sustained on the evidence. We do not, however, agree with statements made by the assessors and by the court below as to the proper basis of valuation for taxation. Primarily the basis in the case of residential property should be the market value. (*Matter of Daly* v. *Smith*, 18 App. Div. 194; *People ex rel. Strong* v. *Hart*, 216 N. Y. 513.) That is ordinarily measured by the price which could be obtained after a reasonable and ample time for sale, such as would usually be taken by an owner. Just what elements go to make up the market value depend largely upon the facts and circumstances surrounding the particular case. There is no inflexible rule. It is a question of good judgment, 2. In determining the question of inequality, the procedure prescribed by section 293 of the Tax Law, as amended in 1920 (Laws of 1920, chap. 643), was not followed. As a result the evidence is unsatisfactory. Each party judiciously picked parcels for comparison. The other party was, of course, not prepared to meet the evidence adduced, and no attempt was made to do so. It is apparent however, that the property on the rolls was not assessed generally in excess of seventy per cent of its value. Under the finding that the value of relator's property merely exceeded $30,000, we are unable to say whether there was inequality or not. Nor is the evidence sufficient to enable us to make a new finding. Under the circumstances we are disposed to reverse the judgment, which should properly have been styled the final order (Civ. Prac. Act, § 1268;* Tax Law, § 295), together with the order of reference. All concur. Final order reversed on the law and facts, order of reference reversed and matter remitted to the Special Term, without costs, for further action. Finding of fact No. 10 disapproved and reversed.

---

* Sic. See Civ. Prac. Act, §§ 1305, 1308.— [REP.