THE PEOPLE OF THE STATE OF NEW YORK ex rel. IDA WOLF SCHICK, Respondent, *v.* ROLLAND B. MARVIN, Mayor, and CLIFFORD GOES and Others, Constituting the Board of Assessors of the City of Syracuse, New York, Appellants, and Others, Defendants, with title amended to read

In the Matter of the Application of IDA WOLF SCHICK for an Order Vacating or Modifying Special Assessment No. 94 for Widening West Onondaga Street from Oneida Street to South Avenue as to the Lands in Which Petitioner Has an Interest.

ROLLAND B. MARVIN, Mayor, and CLIFFORD GOES and Others, Constituting the Board of Assessors of the City of Syracuse, New York, Appellants; IDA WOLF SCHICK, Respondent.

Fourth Department, November 13, 1935.

James C. Tormey, Corporation Counsel [John F. Hmiel, Assistant Corporation Counsel, of counsel], for the appellants.

Frank J. Cregg, Jr., and Thomas J. Lowery [James F. Brazell of counsel], for the respondent.

LEWIS, J. A statutory prohibition against appeal in this proceeding prevents our reviewing the case upon the merits.

The petitioner has been awarded a judgment vacating an assessment for a local improvement comprising the widening of West Onondaga street between Oneida street and South avenue in the city of Syracuse, N. Y. The determination which we are asked to review rests upon the decision of a referee which sustains two objections made by the petitioner, in the first of which complaint is made of an unexplained delay of nearly four years by the city in levying the assessment in question which delay is claimed to be sufficient to work an equitable estoppel against the city's right to enforce collection; the second objection challenges the assessment as being discriminatory and, therefore, unconstitutional for the alleged reason that the cost of the local improvement should have been made a general city charge and not assessed against property deemed to have been benefited thereby.

Although the right to appeal to this court has not been challenged by the briefs or arguments before us, we cannot disregard that question which goes directly to our jurisdiction to review the case. Accordingly our inquiry involves the construction to be given to section 34 of chapter 75 of the Laws of 1906 and section 165 of the Second Class Cities Law which prescribe a summary method for the review of assessments for local improvements in the city of Syracuse.

The Second Class Cities Law was originally adopted as chapter 473 of the Laws of 1906 and was then otherwise known as the "Uniform Charter of Cities of the Second Class." In 1909 the Legislature re-enacted the Second Class Cities Law, without substantial change, as constituting chapter 53 of the Consolidated Laws (Laws of 1909, chap. 55). At the same session of the Legislature there was adopted chapter 596 of the Laws of 1909, an independent statute designed to regulate the construction of the Consolidated Laws, which provides in part: "The true purpose and intent of this act is to prescribe that the statute law of the state, so far as it has been reproduced in such Consolidated Laws * * * and all *special laws* in force at the time of the enactment of such Consolidated Laws, shall be of the same force and effect as they were before the enactment of such Consolidated Laws." Among the "special laws" in force at that time was chapter 75 of the Laws of 1906, entitled "An act to supplement the provisions of law relating to the department of assessment and taxation of the city of Syracuse."

We are particularly concerned with section 34 of the special law last mentioned (Laws of 1906, chap. 75, § 34), the provisions of which are practically the same as those of section 165 of the Second Class Cities Law and are "to be construed and operated in harmony with" the latter statute. (Second Class Cities Law, § 251.) It provides:

"§ 34. No action or proceeding to set aside, vacate, cancel, annul, review, reduce or otherwise question, test or affect the legality or validity of any assessment for a local improvement shall be maintained nor shall the legality or validity thereof be subject to question *except in an action or proceeding brought for that purpose as herein provided.*"

We interpret this language as clearly expressing an intent by the Legislature to afford an aggrieved property owner an exclusive remedy by which the legality of an assessment for a local improvement can be tested. The words used are broad in scope — broad enough, we believe, to include the tests of "legality or validity" afforded by petitioner's objections which invoke against the city the doctrine of equitable estoppel and challenge the constitutionality of the assessment.

Such a summary and exclusive provision for the review of an assessment is not of recent origin. In *Matter of Dodd* (27 N. Y. 629) the court refused to review a determination by a justice of the Supreme Court, sitting as an administrative officer to review a local assessment under statutory procedure then existing. In fact the opinion by Chief Judge DENIO, written in 1863, foreshadowed and

proceeds to justify procedure such as that now provided by the statutes under consideration. The opinion concludes (p. 632) with the statement: " ' The whole proceeding is a special creation of the statute, and seems designed to form a complete system of itself, entirely independent of the general provisions of the statutes concerning appeals to this court.' "

In support of our conclusion that the statutes under consideration are broad enough to include the petitioner's objections in the case at bar, we point to a statement by Chief Judge CRANE, then an associate judge of the Court of Appeals, writing in *Oak Hill Country Club* v. *Town of Pittsford* (264 N. Y. 133). Referring to the provisions of the first sentence of section 165 of the Second Class Cities Law he states: " the words, no action or proceeding shall be maintained to set aside, vacate, cancel, etc., the assessment or tax would have covered a jurisdictional objection *as well as any other illegality*. The point is that to a party to the proceeding, one having notice and knowing full well what is going on" — as was the case in the proceeding at bar —" the Legislature has given a remedy to review *all defects*, even jurisdictional ones " (p. 139). The same court had previously ruled in reference to the same statute that " The Legislature may not only provide   *   *   *   the method by which property may be assessed for street openings and local improvements, but it may also provide an *exclusive* remedy for the review or correction of the assessments so long as the law gives to property owners notice and a full and complete opportunity for a public hearing." (*N. Y. C. & H. R. R. R. Co.* v. *City of Yonkers*, 238 N. Y. 165, 174.) (See, also, *Leonhardt* v. *City of Yonkers*, 195 App. Div. 234, 239; *Moore* v. *City of Yonkers*, 235 Fed. 485.)

Following the introductory sentence of section 34 of chapter 75 of the Laws of 1906 and section 165 of the Second Class Cities Law, the Legislature defines the procedure to be followed in the event the aggrieved property owner claims that there exists an absence of jurisdiction in the common council to order the improvement or that any fraud or substantial error has been committed. Then follows a provision, which is identical in each statute, and which we regard as fatal to the appellants' right to appeal: *" No appeal shall be allowed or taken from the order made in any such proceeding* but the determination so made therein shall be final and conclusive upon all parties thereto."

The language chosen to express the legislative intent is plain and unequivocal. Applied to the proceeding at bar it declares the determination which the appellants seek to review to be " final and conclusive upon all parties." In addition it prohibits an appeal.

It is an established principle of law that " The right to appeal is not a natural or inherent one, but rests upon the statute alone, and may be taken away by the Legislature, unless conferred by the organic law of the State." (*Szuchy* v. *Hillside Coal & Iron Co.*, 150 N. Y. 219, 224; *Croveno* v. *Atlantic Ave. R. R. Co.*, Id. 225, 228; *Matter of De Camp*, 151 id. 557, 562; *Terwilliger* v. *Browning, King & Co.*, 207 id. 479, 480; *People ex rel. Crane* v. *Hahlo*, 228 id. 309, 317; *Leach* v. *Auwell*, 154 App. Div. 170, 174; *Coyle* v. *Howell, Fields & Goddard, Inc.*, 228 id. 388. Cf. Carmody N. Y. Prac. vol. 6, p. 25, § 7; Baylies New Trials and Appeals [3d ed.], p. 3.)

We are also influenced by another consideration. The record shows that the petitioner's application herein was for an order of certiorari. A special proceeding was thus commenced as distinguished from an action and the petitioner's papers have been so captioned. Although the final determination entered herein has been styled a judgment, which would properly terminate an action, instead of a final order, which should conclude a special proceeding (*People ex rel. R., S. & E. R. R. Co.* v. *Moroney*, 224 N. Y. 114, 124; *Matter of Gibson*, 195 id. 466, 469. See, also, Civ. Prac. Act, § 1305), we may treat the judgment thus entered as a final order. (*People ex rel. Sebring* v. *Dowd*, 206 App. Div. 727.) By doing so section 631 of the Civil Practice Act is made applicable to this proceeding. That section grants the right to appeal to the Appellate Division in special proceedings generally subject, however, to the following significant exception:

" § 631. This section does not confer the right to appeal from an order, in a case where it is specially prescribed by law that the order cannot be reviewed."

We conclude that this court is without jurisdiction to entertain the appeal. That conclusion is in accord with a decision by the Appellate Division, Second Department, in *Matter of New York Christian Home for Intemperate Men* (216 App. Div. 733), in which the right to appeal was denied, under a similar statutory prohibition, in a proceeding to vacate an assessment where — as in the case at bar — one of the objections challenged its constitutionality.

The appeal should be dismissed on the law, with costs.

All concur. Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.

Appeal dismissed on the law, with costs.