(24 Misc. Rep. 264.)

## PEOPLE ex rel. SALOOM v. WHITNEY.

(Franklin County Court. April, 1898.)

JUSTICES OF THE PEACE—CRIMINAL JURISDICTION—POLICE JUSTICES.

Laws 1897, c. 414, § 182, provides that a police justice of a village shall have exclusive jurisdiction to try charges of misdemeanors committed within the village, and that a person arrested on a warrant issued by a justice of the peace for an offense committed within a village shall be taken before the police justice of such village, who shall proceed thereon as if the warrant was issued by him. *Held,* that a justice of the peace has no authority to try a charge for a misdemeanor committed within a village, when there is a police justice having ability to act thereon, although he may issue a warrant for the same.

Habeas corpus by the people, on the relation of Moses Saloom, against Edgar A. Whitney, sheriff, to obtain a discharge from imprisonment under a conviction of a justice of the peace of the town of Malone for a criminal assault committed in the village of Malone. Writ sustained.

R. M. Moore, for relator.

Frederick G. Paddock, Dist. Atty., for defendant.

BEMAN, J. The jurisdiction of justices of the peace in the several towns in this state extends over the entire territory of the towns in which they are respectively elected to such office, and such officials have criminal jurisdiction within such territory, as is provided by law (Code Cr. Proc. §§ 56, 62, 147, 156), and may issue warrants for the arrest of any persons charged with the commission of any crime within the boundaries of their respective counties. The office of justice of the peace is created by the constitution (article 6, § 17). The powers and duties conferred and devolving upon such justices of the peace are vested in them through legislative enactments, and the legislature has authority, without conflicting with the provisions of the constitution, to limit, restrict, or curtail such authority as is now vested in such justices of the peace, according to law. The legislature has authority, also, to create municipal corporations, and to provide laws for their government. To that end it has authority to define their limits, and to create the office of magistrate or police justice, to be elected within such corporate limits, and to define their powers and duties. The legislature of the state of New York has created a municipal corporation known as "Malone Village," and a police court has been established, and a police justice elected therein, under like authority. At the time of the issuing of the warrant for the arrest of the relator, his arraignment, trial, and conviction before the magistrate, there existed a police court and an acting police justice within said corporate limits of Malone village, having jurisdiction of the offense with which the relator was charged. By and under the authority of Laws 1897, c. 414, §§ 180, 182, the police justice of said Malone village had exclusive jurisdiction to hear, try, and determine the complaint and charge laid against the relator before the magistrate convicting him. The warrant for the arrest of the relator, when issued, should have been made returnable before such police justice; and the exercise of any au-

thority or jurisdiction over the defendant, or the proceedings against him, beyond the issuing of such warrant, was contrary to the statute in such case made and provided, and above cited.    Hence it may be clearly seen that the conviction, sentence, and imprisonment of the relator were contrary to sections 180 and 182 of the above-cited statute, and were without authority of law.

After carefully reading such cases as have been cited by counsel upon the argument of this matter, and especially the case of People v. Howland, reported in 17 App. Div. 165, 45 N. Y. Supp. 347, and recently affirmed by the court of appeals (155 N. Y. 270, 49 N. E. 775), where it is held that, while the legislature has not the authority to abolish the office of justice of the peace in towns by direct legislation, still it holds that the legislature has authority to limit or alter the jurisdiction of such officer or abolish the town organization altogether. Gertum v. Board, 109 N. Y. 170, 16 N. E. 328.    The decision of the court in the above case arises from an entirely different condition of facts, and the propositions presented to the court in that case are not involved in this.    That decision does not in any manner question or impugn the constitutionality of chapter 414 of the Laws of 1897 as to the authority conferred upon a police justice acting within the corporate limits of the village in which he is elected, and limiting the jurisdiction and authority of justices of the peace in towns where like municipal corporations exist.    With these views, I am clearly of the opinion that a justice of the peace within the town of Malone has no authority to hear, try, or determine a charge for a criminal offense committed in the village of Malone, when there is a police justice present in said village, having the ability to act as such.

The writ should be sustained, and the prisoner discharged.    It is so ordered.    Ordered accordingly.