JOHN O. ROWE and GEORGE N. ROWE, Appellants, *v.* FREDERICK E. PECKHAM, Defendant; JOHN C. HEIBER and Others, Respondents.

*Judgment entered by a justice of the peace — when it cannot be sustained either as a judgment by confession or as a judgment by default — power of the County Court over it.*

Where parties, between whom no action is pending, appear of their own motion before a justice of the peace and execute papers which purport to be a confession of judgment, but which do not comply with the formalities prescribed in section 3011 of the Code of Civil Procedure, no jurisdiction to enter judgment is thereby conferred upon the justice, and a judgment entered thereon by him cannot be sustained as one entered upon the voluntary appearance of the parties and joinder of issue under sections 2876 and 2934 of the Code of Civil Procedure, since there was no joinder of issue or summons served, nor under sections 2988 and 2989 of such Code, since judgment by default can be taken only after a summons has been served, or, if not served, after issue joined.

Where a transcript of such a judgment has been filed in a county clerk's office, the County Court has jurisdiction to set aside an execution issued thereon.

The County Court is not bound by the transcript, and has the right to look into the proceedings in the Justice's Court to see whether that court proceeded within its jurisdiction.

What papers are insufficient to confer jurisdiction upon the justice of the peace, considered.

APPEAL by the plaintiffs, John O. Rowe and another, from an order of the County Court of Delaware county, entered in the office

of the clerk of the county of Delaware on the 7th day of June, 1897, setting aside, as against an execution in favor of the respondents, an execution issued in favor of the appellants upon a judgment purporting to have been entered in favor of the appellants, upon confession before a justice of the peace of said county, against Frederick E. Peckham, and docketed in said county, upon a transcript thereof issued by said justice.

The judgment by confession in favor of the appellants against Peckham was entered by the justice of the peace December 4, 1896, for $202.01 damages and $1.20 costs, and a transcript thereof was issued, filed and docketed, and execution issued to the sheriff the same day.

The judgment in favor of the respondents against Peckham was recovered in the Supreme Court for $537.36, December 8, 1896, and execution thereon issued to the same sheriff the same day. Other judgments against said Peckham in favor of other parties were recovered, and executions placed in the hands of the same sheriff from the 4th to the 8th of December, 1896, both inclusive. The sheriff realized from the property of the judgment debtor $1,540. If the appellants' execution is allowed to stand, the fund is insufficient to pay the respondents' execution.

The county judge set aside the appellants' execution upon the ground that the confession of judgment was not made pursuant to the provisions of the Code of Civil Procedure, sections 3010, 3011.

On December 4, 1896, the judgment debtor, Peckham, and George N. Rowe, one of the firm of J. O. & G. N. Rowe, appeared before the justice of the peace, and thereupon the justice's minutes read as follows:

"ONEONTA, N. Y.

" Mr. F. E. PECKHAM,

"In account with J. O. & G. N. ROWE,

"Wholesale Grocers.

| " October | 3rd. Mdse | $5 30 |
| | 5th. " | 13 60 |
| | 9th. " | 26 16 |
| | " | 28 50 |
| | 24th. " | 14 24 |

" November 20th. Mdse ........................... $21 58
       "     "     "      ........................... 16 49

                                                     $125 87
" Check 7503 and Prot.; $1.11....................... 76 14

                                                     $202 01

---

" John O. Rowe and George N. Rowe ⎫
              " *against*                  ⎬   *Confession of judgment before*
       " Frederick E. Peckham.       ⎭        *John Chambers.*

---

" 1896, Dec. 4.

" The plaintiff, George N. Rowe, appears in person for plaintiffs. Defendant appears in person. Plaintiffs complain for merchandise sold defendant to the amount of $202.01. Complaint on file.

" George N. Rowe, sworn, says, the items charged in the complaint are correct and true, and Fred. E. Peckham is indebted to them to the amount of $202.01, and no part has been paid or satisfied.

" (Signed.)          GEORGE N. ROWE.

" F. E. Peckham, being sworn, says he is honestly and justly indebted to the above-named plaintiffs in the sum specified therein, over and above just demands which the defendant has against the plaintiffs, and that the confession is not made or taken with intent to defraud any creditor.          F. E. PECKHAM.

" I do this day enter judgment in favor of the above-named plaintiffs and against the above-named defendant, for

" Damages ................................... $202 01
" Costs ...  ....  ........................... 1 20

                                                     $203 21 "

*Johnson & Huntington*, for the appellants.

*Fancher & White*, for the respondents.

LANDON, J.:

The papers upon which the judgment by confession was entered are defective in substance and form. Subdivisions 2 and 3 of section 3011 of the Code provide:

" 2. The confession must be in writing, signed by the defendant and filed with the justice.

" 3. If the judgment is confessed for a sum exceeding fifty dollars the confession must be accompanied with the affidavit of the defendant and of the plaintiff, stating that the defendant is honestly and justly indebted to the plaintiff in the sum specified therein, over and above all just demands which the defendant has against the plaintiff, and that the confession is not made or taken with intent to defraud any creditor."

There is no formal confession of judgment by the defendant. The paper signed by him, and probably intended as his affidavit, has neither venue nor jurat, and fails to state that he is justly indebted to the plaintiffs in the sum specified therein over and above *all* just demands, etc. The paper executed by the plaintiff lacks the same formalities as an affidavit and omits the final substantial requirements of subdivision 3.

We think the defects, in substance, are fatal to the validity of the judgment as one by confession. There was no action pending between the parties; they appeared of their own motion before the justice and undertook to make such compliance with the statute as would confer jurisdiction upon him to enter the judgment, and they failed to do so. Hence he had no jurisdiction. The judgment cannot be sustained as a judgment entered upon the voluntary appearance of the parties and joinder of issue, under sections 2876, 2934, since there was no joinder of issue or summons issued, nor under sections 2988, 2989, since judgment by default can be taken only after summons has been served, or, if not served, after issue joined. Besides, treated otherwise than as a judgment by confession, the amount of the recovery exceeds $200, and is, therefore, in excess of the jurisdiction of the justice. (§§ 2861, 2862.) The appellant contends that the County Court had no jurisdiction to set aside the execution. We think otherwise. Section 3017 provides for the filing of a transcript of a justice's judgment in the county clerk's office, and says: " Thenceforth the judgment is deemed a judgment of the County Court of that county and must be enforced accordingly."

Staying the execution relates to the enforcement of the judgment, and jurisdiction to enforce implies jurisdiction to stay the

enforcement. Section 348 provides : " Where a County Court has jurisdiction of an action or a special proceeding, it possesses the same jurisdiction, power and authority in and over the same, and in the course of the proceedings therein, which the Supreme Court possesses in a like case, and it may render any judgment or grant either party any relief which the Supreme Court might render or grant in a like case."

The Supreme Court has jurisdiction to set aside an execution upon a judgment upon the motion of a junior execution creditor of the same debtor. (*Chappel* v. *Chappel*, 12 N. Y. 215 ; *Harrison* v. *Gibbons*, 71 id. 58 ; *Wood* v. *Mitchell*, 117 id. 439.)

The County Court was not bound by the transcript, and had the right to look into the proceedings in the Justice's Court to see whether that court proceeded within its jurisdiction. (*Agar* v. *Tibbets*, 56 Hun, 272.) Jurisdiction to enter the judgment depended upon the substantial compliance by the parties with the statutory requirements. They failed to make such compliance, and hence the justice did not acquire jurisdiction to enter the judgment. This is a different question from reviewing errors made by the justice within his jurisdiction.

The order should be affirmed, with ten dollars costs and disbursements.

All concurred.

Order affirmed, with ten dollars costs and disbursements.