# Cases

# THIRD DEPARTMENT

# APPELLATE DIVISION,

## January, 1899.

---

Milo A. Daniels, Appellant, v. John C. Southard, Defendant, Impleaded with Mrs. John C. Southard (whose proper name is Irene F. Southard), Respondent.

*Judgment rendered by a Justice's Court without service of the summons upon the defendant — the County Court may vacate the transcript and judgment thereon and the execution issued upon it.*

Where a transcript of a judgment rendered by a justice of the peace without service of process upon the defendant, is filed in the county clerk's office, the County Court may, although no appeal has been taken from the justice's judgment, vacate the transcript, the judgment entered thereon in said County Court and the execution issued on the same; it has, however, no power to vacate the judgment entered by the justice.

Appeal by the plaintiff, Milo A. Daniels, from an order of the County Court of Rensselaer county, entered in the office of the clerk of the county of Rensselaer on the 29th day of March, 1898, setting aside as against the defendant Mrs. John C. Southard (whose proper name is Irene F. Southard) a judgment recovered by the plaintiff against the defendants before a justice of the peace, a transcript of which judgment was filed in the office of the clerk of the county of Rensselaer, and directing the county clerk of Rensselaer county to cancel said judgment and the docket thereof on the books and records in his office as against the defendant Irene F. Southard, and enjoining and restraining the plaintiff from enforcing and collecting said judgment against her; also from an order made by the county judge of Columbia county on the 25th day of Janu-

ary, 1898, staying proceedings pending the hearing of the motion for the first-mentioned order.

No appeal has been taken from the justice's judgment in the action, in which it was claimed that no summons was served upon the defendant Irene F. Southard.

*Strait & Betts*, for the appellant.

*C. C. Van Deusen* and *A. Frank B. Chace*, for the respondent.

PARKER, P. J.:

In *Rowe* v. *Peckham* (30 App. Div. 173) we held that the County Court had authority, even though no appeal had been taken, to inquire into the jurisdiction of the justice to enter the judgment upon which the transcript was based; and if it found that the justice had no jurisdiction, it might lawfully vacate any execution issued out of that court upon a judgment entered upon such transcript, and enjoin all further proceedings thereon. We were not then called upon to decide whether the transcript issued by the justice, and the judgment docketed thereon, could also be vacated by the County Court. But the principle which authorizes the inquiry and the vacation of the execution extends to the vacation of the judgment in the County Court, which is the basis of that execution. If the judgment is not vacated, it stands upon the record of the County Court as a lien against the defendant's real estate. If such a judgment had been obtained upon summons purporting to issue out of that court, it would be common practice to move in that court to vacate it on the ground that the summons was never served (*Dutton* v. *Smith*, 10 App. Div. 566); and, by analogy, in this case so much of its records as purports to be a judgment of that court may be vacated for the reason that it has been rendered without the service of any process upon defendant.

It appears from the opinion of the county judge, in the record before us, that such was the extent of the order which he directed in this case.

The order as actually entered, however, goes further and assumes to vacate and set aside the judgment entered by the justice, although it does provide that such vacation shall be " without prejudice to the right of the plaintiff to sue on the judgment of the justice herein."

The order made by the county judge of Columbia county was a judge's order, made *ex parte*, and does not appear to have ever been entered in the clerk's office. It seems to have been made upon the same papers which were thereafter used to obtain the order made by the Rensselaer County Court, and operated only as a stay pending the hearing and decision of that motion. If irregular, the proper remedy was by motion to the judge granting it that it be modified or set aside.

I see no reason for reversing it upon this appeal. (*People ex rel. Schlehr* v. *Common Council, etc., of Buffalo,* 30 Hun, 636; *Aldinger* v. *Pugh,* 57 id. 185; *Hoyt* v. *Mann,* 7 N. Y. St. Repr. 420; Code Civ. Proc. § 1304.)

We are of the opinion that the order of the County Court appealed from should be modified so that it vacate, as against the defendant Irene F. Southard, merely the transcript and judgment entered thereon in the County Court and the execution issued on the same, and that it enjoin all further proceedings against her upon the same; and, as so modified, such order should be affirmed, without costs.

All concurred, except PUTNAM, J., not acting.

Order modified as per opinion, and, as modified, affirmed, without costs.