(116 App. Div. 865)

### BURCH v. BURCH.

(Supreme Court, Appellate Division, Second Department. January 25, 1907.)

DIVORCE—JUDGMENT FOR COSTS—NONRESIDENCE OF DEFENDANT—SERVICE BY MAIL.

    Where process on defendant, in an action for divorce, was served upon him without the state by mail, a judgment against him for a sum of money was void where he did not appear unless jurisdiction had been obtained by attachment, as required by Code Civ. Proc. §§ 1216, 1217, prescribing the practice on application for judgment on service by publication, and hence an execution issued thereon should be vacated.

Appeal from Special Term, Oswego County.

Motion to set aside an execution issued upon a judgment for costs, in an action by Abbie Isabelle Burch against Frederick R. Burch for divorce, in which the summons and complaint were served upon defendant without the state by mail, he not appearing, and no attachment being issued against any of his property, and it not appearing that he had any. From an order denying the motion (100 N. Y. Supp. 814), defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Louis C. Rowe, for appellant.
J. Stewart Ross, for respondent.

RICH, J. This is an appeal from an order denying defendant's motion to vacate and set aside an execution made upon the grounds among others:

    "That there is no authority in law authorizing the issuance of said execution and the same is irregular in form and substance; that there is no valid judgment upon which said execution can be issued."

We think the court had power, assuming the judgment to have been valid, to make the order from which this appeal is taken, and this brings us to a determination of the question as to whether the judgment rendered was valid, and whether its validity is open to a collateral attack. The action may be regarded as one in rem. The summons and complaint were served, as required by the Code of Civil Procedure, and the decision of the court, in so far as it relates to the purpose for which the action was brought, is binding and conclusive between the parties, and is not attacked in this proceeding. We are unable, however, to find any authority in this state for rendering a judgment for a sum of money against a nonresident defendant upon whom personal

service has not been made, without his appearance, unless jurisdiction has been obtained by attachment. Before a judgment can be rendered, it must be made to appear that this formality has been complied with. Code Civ. Proc. §§ 1216, 1217. The service of the summons and complaint upon defendant in Chicago by mail was not sufficient to acquire jurisdiction to render a judgment in the state of New York for a sum of money. Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565; Rigney v. Rigney, 127 N. Y. 408, 28 N. E. 405, 24 Am. St. Rep. 462. It was held in Rigney v. Rigney, supra, that:

"A judgment for alimony and costs cannot be supported on the ground that they are mere incidents of and subordinate to the right to a divorce, and the jurisdiction which is sufficient to support a decree changing the marital status of the plaintiff will not necessarily sustain a judgment for alimony and costs."

This case was subsequently reversed by the Supreme Court of the United States upon another ground. It is still an authority, however, upon the question involved here. The judgment for costs was rendered without authority, and is void as to the defendant. No valid force or effect can be given to any proceeding under a void judgment, and while better practice might have been a motion to set aside the judgment, still the execution is open to attack and ought to have been vacated and set aside. Rowe v. Peckham, 30 App. Div. 173–176, 51 N. Y. Supp. 889; Johnson v. Manning, 75 App. Div. 285, 78 N. Y. Supp. 96.

The order therefore must be reversed. All concur.