Moneyweight Scale Company, Plaintiff, *v.* Frank Price, Defendant.

(County Court, Columbia County, December, 1915.)

City Court of Hudson — jurisdiction — entry of judgment by default — compliance with Code Civ. Pro., § 2936 — motion to set aside transcript of judgment docketed in clerk's office granted.

> Any condition which a statute prescribes as a substitute for common law proof should be at least substantially complied with.

> Where in an action brought in the City Court of Hudson the verified complaint did not meet the requirements of section 2936 of the Code of Civil Procedure in that said complaint did not specify the amount actually due to plaintiff from defendant and did not pray judgment for the amount so due, said City Court is without jurisdiction to enter judgment by default in pleading, and a motion to cancel and set aside a transcript of a judgment so entered and filed in the office of the county clerk and to vacate the judgment docketed thereon in the county clerk's office and to set aside an execution thereon and directing the sheriff to return to defendant all moneys or other property in his hands levied or received pursuant to said execution will be granted.

Motion to cancel and set aside a transcript of a judgment of the City Court of Hudson, filed in the office of the clerk of Columbia county, and to vacate the judgment docketed thereupon in the county clerk's office, and to set aside an execution issued on such judgment, and to direct the sheriff to return moneys in his hands which were collected pursuant to the execution.

John V. Whitbeck, Jr., for motion.

Thomas A. Cookingham, opposed.

McNamee, J.   The judgment in this case was entered by default in pleading in the City Court, after personal service of the summons and complaint.   A transcript of the judgment of the City Court was filed in the office of the clerk of Columbia county, and judgment thereupon entered by the clerk.   Thereafter execution was issued and delivered to the sheriff who levied upon and sold certain property of the defendant and applied the proceeds thereof upon the judgment, and also collected from the defendant moneys to be further applied upon the judgment.   Before disbursing these moneys the sheriff was stayed pending this motion.

By section 3017 of the Code of Civil Procedure, when a transcript of a judgment of the City Court is filed in the county clerk's office, the judgment is deemed a judgment of the County Court, " and must be enforced accordingly."   The filing of the transcript with the county clerk makes it a part of the records of the County Court; and thereupon the transcript, the judgment entered thereupon, and all proceedings supplemental thereto are subject to the control of the County Court, not only for the purpose of enforcing the judgment, but also to cancel, set aside or vacate as justice may require.   It would not be contended that the County Court is a mere agency of the City Court, or of a Justice's Court, to enforce the judgments of those courts, with less power and control over the records and proceedings, after the filing of the transcript, than the County Court possesses with reference to its own records and proceedings.   County Courts have exercised this power heretofore and such exercise has been approved.   *Daniels* v. *Southard,* 36 App. Div. 540; *Rowe* v. *Peckham,* 30 id. 173; *Johnson* v. *Manning,* 75 id. 285.

It was contended on the argument that the City

County Court, Columbia County, December, 1915. [Vol. 92.

Court exceeded its jurisdiction in entering judgment by default and without proof, because the verified complaint did not meet the requirements of section 2936 of the Code of Civil Procedure, in that the complaint did not specify the amount actually due to the plaintiff from the defendant, and did not pray judgment for the amount so due. The Appellate Division, Third Department has held in *Rowe* v. *Peckham, supra,* that the County Court is not bound by the transcript and has the right to look into the proceedings of the Justice's Court to see whether that court proceeded within its jurisdiction.

Prior to the enactment of chapter 414 of the Laws of 1881, there was no provision for judgment by default in Justices' Courts, and it was accordingly necessary for the plaintiff to prove his cause upon the defendant's failure to plead. The substance of this enactment is now found in section 2936, above mentioned, and prescribes the conditions upon which the justice may enter judgment in favor of the plaintiff without common law proof. Two of these conditions are that the plaintiff shall specify the amount actually due, and shall pray judgment for the amount so due. Any condition which the statute prescribes as a substitute for common law proof should be at least substantially if not strictly complied with. In this case the plaintiff offered his pleading as a verified complaint, although it did not specify the amount due nor pray judgment for the amount due. While it may be deducible from the complaint how much is due the plaintiff, it is very apparent that the amount prayed for in the complaint is not due. There is a palpable inconsistency in the amount due as deducible from the allegations of the complaint and the amount stated in the prayer for relief. And even though the complaint were a sufficient basis for a judgment by default, it

clearly is not a sufficient basis for the amount of the judgment rendered. The judgment in which this action terminated is the very thing which the provisions of section 2936 of the Code of Civil Procedure aim to prevent, and if the provisions of the section had been complied with the judgment in question would not have been entered. As the powers of the city judge are purely statutory, and as the conditions upon which the verification of the complaint can be substituted for common law proof have not been complied with, the City Court was without jurisdiction to enter the judgment in question.

An order may be entered setting aside and cancelling the transcript of the judgment of the City Court, and vacating the judgment entered thereupon and setting aside the execution issued upon the judgment, and directing the sheriff to return to the. defendant all moneys or other property in his hands levied or received pursuant to the execution.

Ordered accordingly.