CHARLES A. BROWNELL, Appellant, *v.* JOHN G. PARSONS, Respondent.

Judgment — where transcript of judgment of court not of record is filed and judgment docketed in county clerk's office action may be maintained thereon within twenty years of rendition.

The amendments to subdivision 7 of section 382 and to section 3017 of the Code of Civil Procedure by chapter 30 of the Laws of 1894 were intended to make a judgment rendered in a court not of record, including the Municipal Court of the city of Buffalo (L. 1891, ch. 105, §§ 456, 458), where a transcript thereof was filed and the judgment docketed in the county clerk's office, a judgment of the County Court, and thereby permit an action to be maintained thereon at any time within twenty years from the time of its rendition. (Code Civ. Pro. § 376.) (*Dieffenbach* v. *Roch*, 112 N. Y. 621, distinguished.)

*Brownell* v. *Parsons*, 162 App. Div. 936, reversed.

(Submitted March 29, 1917; decided April 24, 1917.)

APPEAL from a judgment, entered May 11, 1914, upon an order of the Appellate Division of the Supreme Court in the fourth judicial department, reversing a judgment in favor of plaintiff entered upon a decision of the Erie County Court at a Trial Term without a jury and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles J. Staples* for appellant. This judgment of the Municipal Court of Buffalo upon the filing of a transcript with the clerk of Erie county became a judgment

## 484 BROWNELL v. PARSONS.

of the County Court, and the action thereon in which the Erie County Court rendered judgment in favor of plaintiff was not barred by the six-year Statute of Limitation. (L. 1891, ch. 105, § 458; *Diffenbach* v. *Roch,* 112 N. Y. 621; *McMahon* v. *Arnold,* 107 App. Div. 132; *Hoffenberth* v. *Nash,* 117 App. Div. 284.) The provisions of the Code of Civil Procedure are applicable to this judgment of the Municipal Court of Buffalo. (L. 1891, ch. 105, § 456; Code Civ. Pro. §§ 382 [subd. 7], 3017; *Matter of Murphy,* 150 App. Div. 460.)

*Frank Gibbons* for respondent. The judgment sued upon was a judgment rendered by a court not of record and the right of action thereon was limited to six years from the date of the rendition thereof. (Code Civ. Pro. § 382, subd. 7; Code Civ. Pro. § 376; *Dieffenbach* v. *Roch,* 112 N. Y. 621.)

McLAUGHLIN, J. On the 11th of July, 1902, the plaintiff recovered against the defendant a judgment in the Municipal Court of the city of Buffalo, a transcript of which was, on the 19th of the same month, duly filed in the Erie county clerk's office. On the 12th of December, 1912 — the judgment in the meantime not having been paid — this action was brought in the County Court of Erie county to recover its amount with interest. The defendant interposed an answer, alleging that the plaintiff was not entitled to recover because more than six years had elapsed after the time the alleged cause of action accrued. At the trial, the facts being either admitted in the answer or stipulated, and a jury having been waived, the court held that the six-year Statute of Limitation did not apply and, therefore, the plaintiff was entitled to recover the amount demanded in the complaint. A decision was rendered to this effect, upon which judgment was entered, from which defendant appealed to the Appellate Division, where the judgment

was reversed and the complaint dismissed upon the merits. The plaintiff appeals to this court.

The sole question presented by the appeal is whether, upon the facts stated, the six-year Statute of Limitation applies. The answer to the question turns upon the construction to be put upon section 3017 and subdivision 7 of section 382 of the Code of Civil Procedure, when read in connection with section 376 of the Code of Civil Procedure and section 458 of the charter of the city of Buffalo (Laws of 1891, chap. 105).

The Municipal Court of the city of Buffalo is not a court of record (Judiciary Law [Cons. Laws, chap. 30], § 3) and an action to recover upon a judgment rendered in such court must be commenced within six years after the cause of action has accrued, unless a transcript of the judgment be filed pursuant to section 3017 of the Code of Civil Procedure (Code Civ. Pro. § 382, subd. 7.) When so filed, an action to recover upon the same may be maintained within twenty years. (Code Civ. Pro. § 376.)

The section of the charter of the city of Buffalo, to which reference has been made, provides, referring to the Municipal Court, that " The clerk or deputy clerk of the court, on the demand of a party in whose favor judgment shall have been rendered, shall give a transcript thereof, which may be filed and docketed in the office of the clerk of Erie county. The time of the receipt of the transcript, by said last named clerk shall be noted thereon, and entered in his docket, and, from that time, the judgment shall be a judgment of the County Court." Section 3017, or so much of it as is pertinent to the question under consideration, provides that " A justice of the peace who renders a judgment * * * must, upon the application of the party in whose favor the judgment was rendered, and the payment of the fee therefor, deliver to him a transcript of the judgment. The county clerk of the county in which the judgment was rendered must, upon the presentation

of the transcript and payment of the fee therefor, if within six years after the rendering thereof, indorse thereupon the date of its receipt, file it in his office and docket the judgment as of the time of the receipt of the transcript in the book kept by him for that purpose * * *. Thenceforth the judgment is deemed a judgment of the County Court of that county, and must be enforced accordingly * * *."

In *Dieffenbach* v. *Roch* (112 N. Y. 621) this court held, construing sections 382 and 3017, that although under the latter section — upon the filing of the transcript and the docketing of a justice's judgment in the county clerk's office — it became a statutory judgment of the County Court, it was, nevertheless, "a judgment rendered in a court not of record" within the meaning of the former section, and an action thereon must be commenced within six years after its rendition. When this decision was made (1889) subdivision 7 of section 382 did not contain the words "except where a transcript shall be filed pursuant to section 3017," and section 3017 did not contain the words "if within six years after the rendering thereof." Such words were added to the respective sections by chapter 307, Laws of 1894. The amendments were undoubtedly made in view of the decision in *Dieffenbach* v. *Roch* (*supra*). It seems to me obvious that the legislature, by the amendments, intended to make a judgment rendered in a court not of record, where a transcript was filed and the judgment docketed in the county clerk's office, a judgment of the County Court, and thereby permit an action to be maintained thereon at any time within twenty years from the time of its rendition. There is nothing in the sections to indicate an intent to limit such right to judgments rendered by a justice of the peace. It is true that the first sentence of section 3017 refers only to a transcript of a judgment rendered by a justice of the peace, but the balance of the section is just as applicable to judgments rendered in

other courts not of record.   In this connection it is to be observed that subdivision 7 of section 382 is not limited to judgments rendered by a justice of the peace, but, on the contrary, includes *all* judgments of courts not of record. The Municipal Court of the city of Buffalo has, in civil sactions and proceedings, in rendering a judgment, juridiction at least equal to that possessed by a justice of the peace.   (Laws of 1891, chap. 105, § 456.)   In view of the power thus given to that court, and the amendments to the sections of the Code made in 1894, it seems to me too narrow and technical a construction to hold that the six-year Statute of Limitation here applies.   (See *Matter of Murphy,* 150 App. Div. 460.)   When the transcript was filed and the judgment docketed it thereupon became a judgment of the County Court and an action could be maintained upon it, in case of non-payment, at any time within twenty years after the same was rendered.

The judgment appealed from, therefore, should be reversed, with costs in this court and the Appellate Division, and the judgment of the County Court affirmed.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND and ANDREWS, JJ., concur; CHASE, J., dissents.

Judgment reversed, etc.