ANNA LOWRY, Plaintiff, *v.* CHARLES HIMMLER and Another, Defendants.

County Court, Monroe County, January 15, 1930.

*J. Eugene Goddard,* for the plaintiff.

*James S. Bryan,* for the defendants.

DUTCHER, J. This is a motion for an order vacating and setting aside a judgment herein granted by Leon C. Hatch, justice of the peace of town of Pittsford, Monroe county, N. Y., in favor of plaintiff and against defendants, and for such other, further and different relief in the premises as may be just and proper.

No appeal having been taken by defendants, counsel for plaintiff raised the preliminary objection that the court had no jurisdiction to hear the motion. It is held that, as to that part of the motion which asked for a vacating of the judgment rendered in Justice Court, the objection is well taken; however, as to the judgment of Monroe County Court based on the filing of a transcript of the judgment of said Justice Court, as well as the execution and subsequent proceedings thereon, this court has jurisdiction arising from the fact that the notice of motion asks further for " such other, further and different relief in the premises as may be just and proper."

The notice of motion was founded on three affidavits, namely, that of James S. Bryan, attorney for defendants, sworn to on May 16, 1929, that of Ottie Himmler, one of the defendants, sworn to on May 16, 1929, and that of Leon C. Hatch, the justice of peace, sworn to on May 4, 1929.

On the day set for hearing of motion, plaintiff filed the affidavit of J. Eugene Goddard, attorney for plaintiff, and the defendants filed the following answering affidavits: That of James S. Bryan, sworn to May 29, 1929, that of Betty N. Weir, stenographer in the office of James S. Bryan, sworn to on May 29, 1929, and that of Victor Brown, a stenographer who made the stenographic record of the trial in Justice Court, sworn to May 28, 1929.

From an examination of the foregoing affidavits, it appears to be clearly established that the justice of peace delayed in rendering his decision until such a time that he had lost jurisdiction. Consequently the judgment of the Justice Court was void and could have been reviewed by appeal to County Court and vacated. Defendants did not learn of the entry of the judgment in Justice Court until too late to take an appeal. Therefore, had there been no transcript of the judgment taken in Justice Court filed, defendants would have no right to make any motion in County Court on the subject-matter. On the question of the validity of the judgment rendered in Justice Court, the situation remains unchanged even though a transcript has been filed.

The filing of the transcript by law and judicial authority constitutes the justice's judgment the judgment of the County Court for certain purposes, and yet the plaintiff's counsel contends that the County Court is powerless to exercise any control over such a judgment and the execution issued thereon, or to restrain or prevent any abuse of its own process even though the judgment in Justice Court was rendered and entered at a time when the justice of peace by law had no jurisdiction of the action and the subject-matter thereof. If this were so, the time for an appeal having elapsed, the defendants would be helpless, and a transcript of a void judgment would become a valid County Court judgment, to the enforcement of which defendants would have no defense.

It is proper, on a motion such as we have before us, to show by affidavits or other proper proof that the justice was without jurisdiction of the parties or of the subject-matter of the action at the time of granting and entering of judgment. Such fact being established nullifies the County Court judgment upon which the execution is based. Then, of course, it follows that County Court has the authority to grant the relief asked for in this motion. That portion of the motion asking for " such other, further and different relief as

may be just and proper " is not directed to the setting aside of the justice's judgment, but rather to the judgment in County Court. The action is entitled as one in County Court, which became such only by the filing of transcript and entry of County Court judgment thereon. The affidavit of the justice of the peace, read in conjunction with the other affidavits submitted, clearly shows the justice's judgment to be void for lack of jurisdiction as stated.

Thus it may be shown by defendants after the filing of a transcript as in the present case that the motion is not directed to a review of the justice's judgment, but rather seeks relief from the County Court judgment and the execution issued thereon arising from a filing of the transcript of said void justice's judgment. This relief is not barred by section 426 of the Justice Court Act.

The filing of the transcript of the justice's judgment enlarges the sphere of its enforcement, and, as far as its collection is concerned, places it on the same footing as a judgment rendered in County Court.

Courts of record have inherent authority to control and regulate their own process and records. Where a County Court has jurisdiction of an action or special proceeding, it has the same jurisdiction, power and authority as the Supreme Court possesses in a like case. It may render any judgment, or grant either party any relief, which the Supreme Court might render or grant in a like case.

It has been frequently held that, upon motions similar to the one before the court, the transcript, judgment based thereon, and execution issued thereon may be vacated, set aside and canceled of record. (*Rowe* v. *Peckham*, 30 App. Div. 173; *Wood* v. *Wesley*, 75 Misc. 521.)

Motion for an order vacating and setting aside the judgment rendered by the justice of the peace, Leon C. Hatch, of town of Pittsford, N. Y., denied for want of jurisdiction of this court so to do. On the motion of defendants for such other, further and different relief as may be just and proper, defendants are entitled to an order directing the clerk of Monroe county to cancel of record the transcript herein and the judgment entered therein as against the defendants Charles Himmler and Ottie Himmler, as well as the execution heretofore issued thereon, and enjoinng and restraining the plaintiff, her agents, servants and attorneys, from any proceedings upon said transcript of judgment or execution thereon as against said defendants.