FLORA BIESER, Plaintiff, *v.* MAX WEINER, Defendant.

County Court, Westchester County, June 1, 1932.

*Henry J. Logan*, for the plaintiff.

*Joseph S. Robinson*, for the defendant.

COYLE, J. It is unfortunate that appellant did not learn of the entry of judgment in time to perfect an appeal. But the procedure in a Justice's Court, in effect, requires the attorney to watch the docket if he is desirous of appealing. The time to appeal runs from the date of the entry of judgment in the docket book of the justice. There is no procedure requiring notice of entry of judgment, and the justice is under no duty to notify the attorneys. It appears that the judgment is void, not having been entered

by the justice pursuant to section 272 of the Justice Court Act. But the only mode of reviewing a judgment of the Justice's Court is by an appeal (Justice Court Act, § 426), and the jurisdiction of the County Court to review a judgment of a Justice's Court is limited by section 428 to an appeal taken within twenty days. The County Court has no power to set aside a judgment of a Justice's Court in the absence of an appeal. (*East Syracuse Motor Car Co.* v. *Tuttle*, 230 App. Div. 872.)

Although the County Court does not have jurisdiction to set aside a judgment of a justice of the peace on a motion, it has the power to set aside the transcript of the judgment filed in the county clerk's office and the judgment entered thereon where it appears that the justice lost jurisdiction by failure to render his decision within the time prescribed by law. (*Lowry* v. *Himmler*, 136 Misc. 215.)

The motion to dismiss the appeal should, therefore, be granted and the motion to vacate the judgment of the Justice's Court denied. No costs.