HERBERT J. STULL, Respondent, *v.* LILLIAN L. THEN, Appellant.

Fourth Department, March 11, 1936.

*Seymour Bernstein,* for the appellant.

*Philip H. Donnelly,* for the respondent, who appeared in person.

PER CURIAM. The defendant's right to appeal from an order of the County Court denying her motion to vacate a default judgment rendered in an action brought in the City Court of Rochester, is limited by section 622 of the Civil Practice Act which provides:

" § 622. Appeals to Appellate Division from inferior courts. An appeal may be taken to the Appellate Division of the Supreme Court from an interlocutory or a final judgment rendered by a County Court or by any other court of record possessing original

jurisdiction, or from an order affecting a substantial right made by a court or judge in an action brought in or taken by appeal to such a court, where an appeal therefrom to the Supreme Court or to a court other than the Supreme Court is not expressly given by statute."

Applying to the record before us the limitations thus prescribed, it appears that defendant's appeal is not " from an interlocutory or a final judgment rendered by a County Court or by any other court of record possessing original jurisdiction," as required by statute. Although the filing and docketing in the county clerk's office of a transcript of a judgment of the City Court makes it a statutory judgment of the County Court (Justice Court Act, § 272), we do not deem it to be a judgment " rendered by a County Court " within the meaning of section 622 of the Civil Practice Act. (Cf. *Dieffenbach* v. *Roch*, 112 N. Y. 621.) Furthermore, if we assume that a substantial right of the defendant is involved, it cannot be said that the present appeal is " from an order affecting a substantial right made by a court or judge in an action brought in or taken by appeal to such a court." The action in which the order appealed from was made was brought in City Court — which is not a court of record (Judiciary Law, § 3, subd. 4) — and no appeal has been taken to the County Court from the judgment entered therein. The right to appeal is not an inherent one, but rests upon the statute alone. (*People ex rel. Schick* v. *Marvin*, 246 App. Div. 71, and authorities there cited.) We cannot by construction extend the statutory limitations thus placed upon our jurisdiction which, are clearly defined.

All concur, except CROSBY, J., who dissents and votes for reversal on the facts and granting the motion. Present — SEARS, P. J., EDGCOMB, THOMPSON, CROSBY and LEWIS, JJ.

Appeal dismissed, with ten dollars costs and disbursements.