JOHN P. QUACKENBUSH, Appellant, *v.* EARL M. JOHNSTON, Respondent.

Third Department, January 20, 1937.

*Van Kirk & Dewell* [*John H. Dewell* of counsel], for the appellant.

*Meehan & Founks*, for the respondent.

HILL, P. J. This is an appeal from an order of the Rensselaer County Court which directs " that the motion of the defendant to open his default be, and the same hereby is, granted upon the payment by him of taxable costs and disbursements together with ten dollars costs of this motion."

The action was commenced by plaintiff in Justice's Court in the town of Pittstown, Rensselaer county, to recover damages claimed to have been caused through defendant's negligence in an auto-

mobile accident. A summons, accompanied by a complaint, was served December 12, 1935, returnable on December twentieth. It is alleged in defendant's affidavit that he appeared in person on the return day of the summons and requested the trial to be adjourned until January 3, 1936, to permit him to interview witnesses and obtain funds necessary to retain counsel, as he had no attorney at that time. The trial was fixed for December thirtieth. His affidavit further alleges that he appeared on that day and requested another adjournment " upon the same grounds as previously stated." The affidavit of the justice states " that the defendant at no time requested an adjournment to January 3, 1936, but rather appeared on December 30, 1935, at 7 P. M., the time agreed upon for trial between the parties and myself, and requested a further adjournment; * * * five witnesses for the plaintiff were also present; that the request for a further adjournment by the defendant was denied by me upon the ground that the defendant had been given adequate time to prepare for trial and that any further adjournment would be unfair to the plaintiff and I ordered the trial to proceed." Plaintiff and his attorney also say that the trial was fixed for December thirtieth by agreement of all the parties. It is stated on behalf of the plaintiff, and not denied, that after the commencement of this action and before December thirtieth, an action was begun in the Supreme Court by defendant against plaintiff to recover in connection with the same automobile accident involved in this action; that the attorneys who appeared on this motion were defendant's attorneys in the Supreme Court action. It is cogently argued therefrom that defendant's statement that he had no attorney until after December thirtieth is false. Assuming, without granting, that the Rensselaer County Court had jurisdiction to make this order, it was an improper exercise of discretion.

No appeal was taken from the judgment of the Justice's Court, but a transcript thereof was filed in the Rensselaer county clerk's office (Justice Ct. Act, § 272), and the County Court relies for jurisdiction upon the portion of that section which reads, " From the time of filing such transcript the judgment is deemed the judgment of the County Court of that county, and must be enforced accordingly." I quote from the opinion in *Dieffenbach* v. *Roch* (112 N. Y. 621): " Ordinarily no one would understand that a judgment which had been recovered in a Justice's Court, and subsequently docketed in the County Court, was in any sense *rendered* in the County Court; and there is no countenance for such a meaning to be found in any statute. * * * After a justice's judgment has been docketed in the county clerk's office,

it becomes a mere statutory judgment of the County Court. It is not, in fact, a judgment of that court. There has been no judicial action there, and no judgment has been, in fact, entered or rendered. It is simply to be *deemed* a judgment of that court. Such a judgment has not been twice rendered, once in the Justice's Court and once in the County Court; and as it may be docketed in all the counties of the State, it certainly cannot be deemed to have been rendered in every county where it has been docketed " (pp. 625, 626). The filing of a transcript in the county clerk's office does not make the judgment of a Justice's Court, or of any inferior court, a judgment rendered by the County Court. It is only a statutory judgment of such court. (*Stull* v. *Then*, 247 App. Div. 85.) The filing of the transcript is but a step to aid in the enforcement or collection of the justice's judgment. A judgment so docketed is not a judgment of a court of record of the State. (*Harris* v. *Clark*, 65 Hun, 361.) Unless an appeal is pending in the County Court, it is without jurisdiction to vacate such a judgment. (*Garges Bros., Inc.*, v. *Specht*, 241 App. Div. 737; *East Syracuse Motor Car Co.* v. *Tuttle*, 230 id. 872.) The County Court would have power to vacate a transcript and execution if it appeared that a judgment had been rendered in Justice's Court without jurisdiction, but it has no power to vacate a judgment entered by a justice. (*Daniels* v. *Southard*, 36 App. Div. 540; *Bieser* v. *Weiner*, 144 Misc. 94.)

A new trial may be had under the Justice Court Act when the appellant in his notice of appeal has demanded a new trial in the appellate court (Justice Ct. Act, § 442). The jurisdiction of the County Court is statutory, and as there has been no appeal there may be no new trial. We entertain the appeal and reverse the order. (Civ. Prac. Act, § 631, subd. 2; *Belknap* v. *Waters*, 11 N. Y. 477; *Gang* v. *Gang*, 253 id. 356. Cf. *Stull* v. *Then, supra.*)

The order should be reversed on the law and facts, with costs, and the motion denied, with costs.

RHODES, McNAMEE, CRAPSER and HEFFERNAN, JJ., concur.

Order reversed on the law and facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.