MILDRED H. TIFFANY, Plaintiff, *v.* CHARLES H. MITCHELL and MOHAWK PONTIAC CORPORATION, Defendants.

County Court, Schenectady County, April 2, 1941.

*Anthony P. Lucas,* for the plaintiff.

*D. Vincent Cerrito,* for the defendants.

LIDDLE, J.   The defendants, upon an order to show cause, move this court that the judgment entered herein in the Schenectady county clerk's office on the 1st day of November, 1940, upon a transcript of judgment from Justice's Court, town of Rotterdam, Schenectady county, docketed in that court on the 23d day of October, 1940, be vacated and canceled on the theory that said judgment in that court was void.

The moving papers show and it is conceded by the plaintiff that the action was tried before a justice of the peace of Schenectady county on the 25th day of September, 1940, but that the justice, in the absence of a written stipulation, did not decide the issue or docket the judgment until the 23d day of October, 1940, which is concededly more than the statutory (Justice Ct. Act, § 270) four days after the issue had been submitted.

Counsel for the defendants urges upon this court that accordingly the judgment as rendered is void and his relief is by motion or an order to show cause why said judgment should not be canceled. Counsel for the plaintiff on the other hand, urges this court with equal force that the defendants are guilty of laches in failing and omitting to take an appeal to this court as directed by section 428 of the Justice Court Act.  The question, therefore, is one of procedure unless it appears that the Justice's Court in the first instance was void of jurisdiction either of the parties plaintiff or defendant or of the cause of action.  It is conceded that there was no question of jurisdiction of the Justice's Court in the first instance.  The judgment in the County Court which was transcribed from a court of inferior jurisdiction is merely a statutory judgment docketed for the purpose of enforcement of a remedy. The judgment continues to be not a judgment of the court of record.  (See *Quackenbush* v. *Johnston,* 249 App. Div. 452.)

I am, therefore, impelled to find and determine that the only remedy for defendants was by appeal from the judgment of the justice in the first instance and now at this late date cannot attack the validity of the judgment for the justice's failure to render a judgment within the four-day period of time after the case was submitted.  The defendants were guilty of laches in not asserting a statutory right in appealing from the judgment as required by section 428 of the Justice Court Act and should not at this late date complain.

Defendants' motion denied, with ten dollars costs.   Submit order according to this opinion.