In the Matter of the Application of FRANCIS J. CRUSE, Petitioner, for an Order, etc., against J. BRAYTON FULLER, Oneida County Clerk, Respondent.

Supreme Court, Oneida County, August 6, 1942.

*George Kohn*, for the petitioner.

*Pirnie Pritchard*, for the respondent.

SEARL, J. This is a motion brought on at Special Term for an order directing J. Brayton Fuller, Oneida County Clerk, to forthwith cause an execution to be issued in an action in which Francis J. Cruse is plaintiff and Richard Pacelio is defendant.

The facts are briefly these:

1. On March 4, 1932, Francis J. Cruse, petitioner, recovered judgment in a Justice's Court, town of Russia, Herkimer county, New York.

2. On August 2, 1937, a transcript of the said judgment was duly filed and docketed in the office of the clerk of Herkimer county.

3. On June 23, 1942, a certified copy of the transcript of the judgment was duly filed and docketed in the office of the clerk of the county of Oneida, and on that day petitioner requested the clerk of the county of Oneida to issue an execution upon said judgment. This was refused on the ground that the petitioner was not entitled to an execution as of right, for the reason that more than five years had elapsed since the entry of the original judgment in the office of the justice of the peace.

Petitioner contends he is entitled to an execution as a matter of right, the request for the execution being made within five years after transcript of judgment was filed in the Herkimer county clerk's office.

Section 278 of the Justice Court Act authorizes a justice of the peace as follows: " At any time within five years after *entry of a judgment*, the justice of the peace who rendered it, being in office, may issue an execution thereupon, unless it has been docketed in the County Clerk's Office."

Section 650 of the Civil Practice Act authorizes as follows: " Except as otherwise specially prescribed by law, the party recovering a final judgment, or his assignee, may have execution thereupon, of course, at any time within five years after the *entry of the judgment*."

In section 278 of the Justice Court Act the word " entry " unquestionably means entry in the Justice's Court.

In section 650 the use of the word " entry," without question, means entry in the Justice's Court, as the word was used in the quoted section of the Justice Court Act.

In the case at bar, petitioner seeks to obtain the issuance of an execution, as of right, ten years and three months after the recovery of judgment in Justice's Court.

If the petitioner is right in his contention, he could issue a transcript from Herkimer county every few years and file it in various counties of the State and extend the time within which an execution may be issued in some part of the State, almost *ad infinitum*.

This question has apparently never been squarely passed upon, and, in order to arrive at a legal conclusion, we must attempt to find the legislative intent.

In *Dieffenbach* v. *Roch* (112 N. Y. 621, 626) we find the following expression: " Therefore, plaintiff's judgment is a statutory judgment of the County Court, but it was not rendered there. It was rendered in a Justice's Court, and, therefore, an action upon it is barred within six years from the time of its rendition by the express language of section 382 of the Code. By this construction full force is given to all the language contained in subdivision 7 of that section and in section 3017, and what is believed to have been the intention of the law makers is given effect. If the six-year limitation does not apply to such a judgment as this, then there is no limitation to an action upon such a judgment, as section 376 of the Code, providing that judgments shall be presumed to be paid and satisfied after the expiration of twenty years, applies only to judgments rendered in courts of record. And, then, too, subdivision 7 of section 382 could be practically nullified in all cases, as the judgments of justices' and other courts, not of record, could, even after the lapse of six years from their rendition, be docketed in the county clerk's office; and if they are to be regarded as judgments then rendered in a court of record, there would be no statutory bar to an action upon them for twenty years more, and thus the judgments rendered in courts not of record would, as to the lapse of time, have a better position in the law than judgments rendered in actions commenced in courts of record, a result certainly not within the contemplation of the law makers."

At a later time, in 1917, the Court of Appeals in *Brownell* v. *Parsons* (220 N. Y. 483, 486) modified the former, holding: " The amendments were undoubtedly made in view of the decision in *Dieffenbach* v. *Roch* (*supra*). It seems to me obvious that the legislature, by the amendments, intended to make a judgment rendered in a court not of record, where a transcript was filed and the judgment docketed in the county clerk's office, a judgment of the County Court, and thereby permit an action to be maintained thereon at any time within twenty years from the time of its

rendition. There is nothing in the sections to indicate an intent to limit such right to judgments rendered by a justice of the peace. It is true that the first sentence of section 3017 refers only to a transcript of a judgment rendered by a justice of the peace, but the balance of the section is just as applicable to judgments rendered in other courts not of record. * * * When the transcript was filed and the judgment docketed it thereupon became a judgment of the County Court and an action could be maintained upon it, in case of non-payment, at any time within twenty years after the same was rendered."

As a further interpretation, we find the following language in a per curiam opinion in *Stull* v. *Then* (247 App. Div. 85), a Fourth Department case: " Although the filing and docketing in the county clerk's office of a transcript of a judgment of the City Court makes it a statutory judgment of the County Court (Justice Court Act, § 272), we do not deem it to be a judgment ' rendered by a County Court ' within the meaning of section 622 of the Civil Practice Act."

Still later, in 1937, we find an opinion of Mr. Justice HILL, of the Third Department, in *Quackenbush* v. *Johnston* (249 App. Div. 452, 454): " The filing of a transcript in the county clerk's office does not make the judgment of a Justice's Court, or of any inferior court, a judgment rendered by the County Court. It is only a statutory judgment of such court."

The reasoning followed in the *Dieffenbach* case has not been overruled by later decisions.

Some light is thrown upon the interpretation of this question by the wording in section 272 of the Justice Court Act, which provides to the effect that in no event shall delay in filing a transcript operate to make the judgment a lien on real property for more than ten years after the judgment was *originally* rendered.

Also, by the provisions of section 278 of the Justice Court Act, a justice himself may issue an execution. The twenty-year period begins to run upon the entry of judgment in Justice's Court.

For the reasons above set forth this court holds that the refusal on the part of the county clerk of Oneida county was proper and that the fair import of judicial interpretation is to the effect that after such a lapse of time, namely, in excess of ten years, calls for at least notice to be given of an application for the issuance of the execution.

Order may be prepared accordingly.