HAZEL DONOVAN, as Trustee of William Donovan, Plaintiff, *v.* EMERY J. POULIN et al., Defendants.

County Court, Franklin County, September 26, 1950.

*R. W. Roberts* for defendants.

*Adam R. Palmer* for plaintiff.

LAWRENCE, J. This motion is made by defendants in County Court to vacate a civil judgment rendered by the Acting Police Justice of the village of Tupper Lake, Franklin County. The motion also seeks " other and further relief ".

Defendants contend that the Acting Police Justice lacked jurisdiction, because the duly elected Police Justice was present and able to act.

The motion is opposed by the plaintiff who contends that the County Court has no jurisdiction to determine this motion because no appeal was taken by the moving party defendants.

Plaintiff appears specially to contest the County Court's jurisdiction.

From the affidavits and the argument, the following appear to be the facts.

Plaintiff sued defendants before the Acting Police Justice for unpaid rent. The summons was issued by, and made returnable before, the Acting Police Justice.

The duly elected Police Justice was at all times present and able to act.

On the day the summons was returnable, defendants appeared specially before the Acting Police Justice. Defendants then objected to the jurisdiction of the Acting Police Justice, solely upon the ground that the duly elected Police Justice was present and able to act. The Acting Police Justice ruled this objection to be without merit. Defendants departed. Judgment by default was then granted against defendants for $425 and costs.

Shortly thereafter, defendants obtained a transcript of such judgment and filed it in the County Clerk's office.

Meantime, plaintiff obtained an execution from the Acting Police Justice and delivered such execution to a constable. The constable started proceedings to sell under a levy he then made.

Defendants did not appeal. Their next step was this motion.

Whether or not the County Court has jurisdiction to vacate the judgment of the Acting Police Justice for an alleged lack of jurisdiction, the County Court would have jurisdiction, at least under the prayer for further relief, to vacate the transcript of judgment, the judgment of the County Court docketed thereon and any execution which might be issued by the County Clerk thereunder and the County Court would also have jurisdiction to stay any proceedings taken under the County Court execution. (*Lowry* v. *Himmler,* 136 Misc. 215.)

It therefore becomes necessary to determine here whether the Acting Police Justice had jurisdiction.

The County Court therefore has jurisdiction to determine this motion.

The jurisdiction of an acting Police Justice is purely statutory. By section 187 of the Village Law, it is only " during the absence or inability of the [duly elected] police justice to perform the duties of the office " that the Acting Police Justice has any powers. So, when the duly elected Police Justice is present and able to act, the Acting Police Justice has no jurisdiction. If the Acting Police Justice under those circumstances attempts to act, the proceedings before him are a nullity.

The same is true in the criminal field. (Cf. *People ex rel. Saloom* v. *Whitney,* 24 Misc. 264, affd. 32 App. Div. 144. See, also, Village Law, § 180.)

Having determined that the Acting Police Justice had no jurisdiction to give judgment to the plaintiff here, I am still confronted with the question of the extent to which I can correct his error.

Certainly, I can vacate the transcript of judgment issued by the Acting Police Justice, and I can also vacate and cancel the judgment of the County Court docketed thereon. To such extent the motion is granted.

If execution were to be sought from the County Clerk, power would exist to stay the issuance thereof, and to stay any proceedings on such County Court execution. All this could be done because the motion here seeks " other and further relief ". The judgment docketed in the County Clerk's office is subject to the control of the County Court. (*Quackenbush* v. *Johnston,* 249 App. Div. 452; *Lowry* v. *Himmler,* 136 Misc. 215, *supra.* Cf. *People* v. *Chmielewski,* 153 Misc. 386.)

The question is whether, no appeal having been taken, I can also vacate the judgment rendered by the Acting Police Justice. Implication that such might be done could perhaps be spelled out of the reasoning in *Rowe* v. *Peckham* (30 App. Div. 173). Any such inference from the holding in that case was quickly removed by the subsequent decision in *Daniels* v. *Southard* (36 App. Div. 540). These cases read together deny a power in the County Court to vacate the judgment below.

Any dicta to the contrary in *Moneyweight Scale Co.* v. *Price* (92 Misc. 730), become less authoritative when the author of that opinion is found to have taken part in the decision in *Quackenbush* v. *Johnston* (249 App. Div. 452, *supra*).

I am therefore constrained to hold that, because no appeal was taken, the County Court has no power to vacate the judgment rendered by the Acting Police Justice. (*Quackenbush* v. *Johnston, supra; Lowry* v. *Himmler, supra; Bieser* v. *Weiner,* 144 Misc. 94.) The remedy lies elsewhere. See *Itzenplitz* v. *Chassin* (122 Misc. 500), and *Van Orsdale* v. *Genesee Valley Garage* (150 Misc. 655).

The motion is granted only to the extent of vacating the transcript of the Acting Police Justice, and the County Court judgment docketed thereon.

Under the circumstances, no costs will be awarded.

**Submit order on eight days' notice.**