Frank J. Kronenberg, J.
Motion to dismiss an appeal from a judgment of the Lockport City Court. Judgment was entered in that court on December 12, 1958 and notice of appeal was served on the Clerk of the City Court and on plaintiff’s attorney January 5, 1959.
Section 352 of the Charter of the City of Lockport provides that an appeal from a Lockport City Court judgment (as distinguished from an order granting a new trial) is to be taken in the same manner and with like effect as an appeal from a judgment entered in Justice’s Court.
Section 428 of the Justice Court Act requires that an appeal be taken within 20 days after entry of the judgment by serving a notice of appeal upon the justice and the respondent. ‘ ‘ A strict compliance with the statute is required ”. (Kemack v. Coon; 143 Misc. 25, 27, also noting that “ The County Court *1077 has no power to extend the time within which a party may appeal ”.)
In the instant ease judgment was entered December 12 and defendant’s time to appeal expired January 1, 1959, but was extended through Friday, January 2 by section 25-a of the General Construction Law, which provides that when a period of time ends on a public holiday, the period is deemed to include the next succeeding business day.
Defendant alleges that he failed to serve the notice of appeal on January 2 because the city offices, including City Court, were closed that day pursuant to permission granted by the Common Council of the city. He further states that he did not serve the notice on January 3 because that was Saturday and the City Court office was closed also on Saturday.
However, the action of the Common Council in granting permission to close on January 2 cannot be deemed to amend or extend section 25-a of the General Construction Law, nor does that section grant any extension of time when a period ends on Saturday. Under the circumstances here present, defendant’s proper procedure was to serve notice by mail pursuant to sections 430, 431 and 432. of the Justice Court Act.
Defendant also comments that he was not notified of the entry of judgment until December 16, 1958. This however, is immaterial.
“ It is unfortunate that appellant did not learn of the entry of judgment in time to perfect an appeal. But the procedure in the Justice’s Court, in effect, requires the attorney to watch the docket if he is desirous of appealing. The time to appeal runs from the date of the entry of judgment in the docket book of the justice. There is no procedure requiring notice of entry of judgment, and the justice is under no duty to notify the attorneys.” (Bieser v. Weiner, 144 Misc. 94.) To the same effect see Van Orsdale v. Genesee Val. Garage (150 Misc. 655).
There being no legal excuse presented for failure to take a timely appeal, the motion to dismiss the appeal is granted.