Edward M. O’Gorman, J.
The plaintiff recovered judgment against the defendants in Justices’ Court. The trial was completed on June 23,1966. Judgment for the plaintiff was entered in the court’s docket on July 7, 1966. On August 8, 1966 the Justice advised the defendants for the first time that judgment had been rendered. Prior to this time, the defendants had no notice of the entry of the judgment.
Defendants now move to set aside the judgment, on the ground that the verdict was not rendered within 10 days after the conclusion of the trial, as required by section 270 of the Justice Court Act.
The plaintiff contends that this court has no jurisdiction to deal with a judgment of a Justices’ Court, except on an appeal. Defendants reply that because they had not been advised of the entry of the judgment until after their time to appeal had expired, this application is their only remedy.
The time to appeal from a judgment in Justices’ Court commences with the entry of the judgment in the docket. (Justice Ct. Act, § 428.)
*386 There is no requirement that the Justice notify the unsuccessful party of the entry of the judgment. (See Bieser v. Weiner, 144 Misc. 94 [1932]; Van Orsdale v. Genesee Val. Garage, 150 Misc. 655 [1934]; Palia v. Ethridge, 16 Misc 2d 1076 [1959].)
For this reason, the defendants may not now appeal from the judgment of July 7, 1966, although they did not know of the existence of the judgment until their time to appeal had expired.
Coming to the instant application, the County Court, as a court of limited civil jurisdiction, can exercise only those powers conferred upon it by the Constitution of the State of New York. By the provisions of article VI (§ 11,-subd. d) “ The county court shall have jurisdiction to hear and determine all appeals arising in the county * * * from a judgment or order of the * * * town * * * court which finally determines an action or proceeding ”.
This does not include the power to interfere with the judgments of a Justices’ Court, other than in an appellate capacity. (Justice Ct. Act, § 426.) The only remedy, if any, available to the defendants is a proceeding in the Justices’ Court, seeking to set aside its own judgment. (See CPLR, 5015.)
The situation here involved would seem to call for remedial legislation. The right to appeal from a defective judgment may be lost in spite of diligent efforts of the aggrieved party to examine the Justice’s docket book each day for the 10-day period within which a judgment can legally be entered therein, and even the most diligent litigant cannot be expected to examine the docket book indefinitely thereafter so that he might apprise himself of a verdict entered therein after the time permitted by statute.
It would not seem to be too great a burden to place on a successful litigant in Justices’ Court to require that party to serve notice of the entry of judgment upon the unsuccessful party prior to the commencement of the latter’s time to appeal.-
The motion to set aside the judgment is denied.