OPINION OF THE COURT
Louis B. Scheinman, J.
Plaintiff moves to dismiss defendants’, Steven Katz, Katzkill Warehouse, Inc., and Katzkill Auto Parts, Inc. (hereinafter referred to as defendants), appeal of a Village of Monticello Justice Court’s verdict, after trial, granting judgment to plaintiff.
On November 8, 1979, the court, after trial without a jury, ruled from the Bench in favor of plaintiff and awarded judgment against defendants in the sum of $1,215.84. On December 28, 1979, defendants filed a notice of appeal. Neither party ever prepared a proposed judgment for the Village Justice’s signature nor was any judgment with notice of entry ever served upon defendants’ counsel.
*281 The question presented on this motion is whether or not defendants’ time to appeal expired before December 28, 1979, the date they filed the notice of appeal.
Section 1703 of the UJCA provides, "Practice and procedure on appeals shall be as provided in article 55 of the CPLR except insofar as this act or the rules of this court consistent with this act otherwise provide”. CPLR 5513 provides that the time to take an appeal begins to run from the time an appellant is served with a copy of the judgment or order with notice of entry. There appear to be no provisions of the UJCA, nor any rules of the court promulgated pursuant to section 2103 of the UJCA which otherwise provide for practice and procedure for appeals from a Justice Court. Therefore, it follows that since no judgment with notice of entry has been served in the instant case, defendants’ time to appeal has not yet begun to run. The cases (Van Orsdale v Genesee Val. Garage, 150 Misc 655; Lust v Fox, 51 Misc 2d 385) cited by plaintiff for the proposition that the time of appeal commences from the entry of judgment in the Justice’s docket predate the effective date of the UJCA and are no longer applicable.
Accordingly, the motion to dismiss the appeal is granted without prejudice. Either party may submit a proposed judgment to the Village Justice, and defendants’ time to appeal shall commence from the date of service of the judgment with notice of entry upon defendants’ counsel. The cash undertaking previously posted by defendants shall remain effective and shall abide the outcome of the appeal.